Moses JOHNSON, Appellant

v.

STATE of Texas, Appellee.

No. 14–06–00179–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

July 31, 2007.

Diane D. Clark, League City, TX, for appellants.

M. Elizabeth Foley, Galveston, TX, for appellees.

Panel consists of Justices YATES, ANDERSON, and HUDSON.

## OPINION

JOHN S. ANDERSON, Justice.

A jury found appellant, Moses Johnson, guilty of murdering his wife, Evelyn Johnson. Tex. Penal Code Ann. § 19.02 (Vernon 2003). The jury sentenced appellant to forty-five years' confinement in the Institutional Division of the Texas Department of Criminal Justice. In three issues, appellant challenges his conviction, arguing that (1) he was denied the right to a unanimous jury verdict, (2) the trial court erred when it excluded appellant's expert witness during the punishment phase of the trial, and (3) he was denied effective assistance of counsel. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On January 16, 2004, a rainy night, Evelyn Johnson, along with her sister and other relatives went, to a nightclub in Texas City. At that time, Ms. Johnson and appellant were married, but had been separated for some time. Shortly before the nightclub closed at 2 a.m., appellant arrived outside the nightclub. Soon thereafter, Annette Woodard, Ms. Johnson's sister, exited the club and crossed the street to the club's parking lot, which was brightly illuminated by a street light. Ms. Woodard got into her car to wait for her sister, who had ridden with her that evening. Appellant tapped on the window of Ms. Woodard's car and after a brief exchange, Ms. Woodard thought appellant left. Moments later, Ms. Johnson walked out of the club with three other people, all walking under a single umbrella. In addition, because the club had closed, a large number of additional people were exiting the club in close proximity to Ms. Johnson's party. While walking toward the parking lot, Ms. Johnson's party stopped while Ms. Johnson talked to a man in a truck that had pulled up near her.

Once the truck left, appellant appeared a short distance from Ms. Johnson, called for her to come over to him and when she refused, appellant approached her. Ms. Johnson attempted to flee, but appellant caught her within a few feet and began striking her. Appellant then pulled out a knife and repeatedly stabbed Ms. Johnson. Ms. Woodard left her car and attempted to stop the attack by pushing appellant away, but each time she did so, appellant re-approached Ms. Johnson and continued to stab her. Appellant finally stopped his attack on his own, went to his car, and left the scene. Ms. Woodard then drove her mortally wounded sister to the hospital, where she died a short time later. Less than an hour after the attack, appellant was apprehended by Texas City Police following a chase which ended only when appellant wrecked his car.

Following his arrest, appellant gave a statement to the police in which appellant

claimed he snapped after seeing Ms. Johnson talking with another man outside the club.[1] Appellant stated he did not remember anything from that point until sometime later when he heard his sister-in-law saying "Moe, Moe." According to appellant, he then walked to his car and drove off, without noticing what had happened to his estranged wife, Ms. Johnson.

Appellant retained a psychologist as an expert witness to testify during the punishment phase of the trial regarding why a person may not remember an emotional and tragic event. The State moved to exclude the expert's testimony as appellant had not timely notified the State of the expert as required by a discovery order entered by the trial court. The trial court granted the State's motion and prohibited appellant's expert from testifying.

Appellant was charged with murder in a two paragraph indictment alleging murder under sections 19.02(b)(1) and (2) of the Texas Penal Code.[2] During closing argument, one of the State's prosecutors argued, without objection by appellant's counsel, that the jury need not reach a unanimous verdict as to which of the two application paragraphs in the indictment was a proper basis for reaching a verdict of guilty. The actual jury charge instructed the jury that a unanimous verdict was required to find appellant guilty under either paragraph one or paragraph two of the indictment.

Appellant was found guilty of the offense of murder and the jury sentenced him to forty-five years' confinement in the Institutional Division of the Texas Department of Criminal Justice. This appeal followed.

## DISCUSSION

### A. Appellant Was Not Denied the Right to a Unanimous Jury Verdict.

██ In his first issue, appellant asserts he was denied the right to a unanimous jury verdict because of the trial court's charging error and improper jury argument by the State. We address each allegation in turn.

Appellant, while arguing he was denied a unanimous jury verdict, recognizes that the trial court's jury charge requires a unanimous verdict to convict appellant under either paragraph one or paragraph two of the indictment.[3] Instead, appellant alleges he was denied a unanimous verdict because the general verdict form stated

1. Appellant testified to the same effect during the punishment phase of his trial.

2. Texas Penal Code section 19.02(b)(1) provides: a person commits murder if he "intentionally or knowingly causes the death of an individual." Tex. Penal Code Ann. § 19.02(b)(1) (Vernon 2003). Texas Penal Code section 19.02(b)(2) provides: a person commits murder if he "intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual." Id. at (b)(2).

3. The relevant section of the jury charge provides:

 Now, if you unanimously find from the evidence beyond a reasonable doubt that on or about the 17th day of January, 2004, in Galveston County, Texas, the Defendant, MOSES JOHNSON, did then and there intentionally or knowingly cause the death of an individual, Evelyn Johnson, by stabbing the said Evelyn Johnson with a knife, as alleged in the Indictment,
 OR
 If you unanimously find from the evidence beyond a reasonable doubt that on or about the 17th day of January, 2004, in Galveston County, Texas, the Defendant, MOSES JOHNSON, did then and there, intending to cause serious bodily injury to an individual, Evelyn Johnson, intentionally or knowingly commit an act clearly dangerous to human life, to-wit by stabbing the said Evelyn Johnson with a knife, thereby causing the death of said individual, as alleged in the Indictment.

only that the jury found appellant "guilty of the offense of Murder as alleged in the indictment" without specifying under which paragraph.

Initially, while we agree with appellant that he is entitled to a unanimous guilty verdict, we disagree that a jury must unanimously agree on a single method by which a defendant commits murder. In *Yost v. State*, also a murder case, we recently addressed this issue and stated:

> We begin review of a jury unanimity challenge by examining the language of the statute to determine the elements of the crime and whether the legislature has created a single offense with multiple or alternate methods of commission. *Jefferson v. State*, 189 S.W.3d 305, 311 (Tex.Crim.App.2006). While jury unanimity is required on the essential elements of an offense, the jury generally is not required to return a unanimous verdict on the specific method of committing a single offense. *Id.; see also Ngo v. State*, 175 S.W.3d 738, 747 n. 32 (Tex.Crim.App.2005) (en banc).

> Here, the [murder] statute under which appellant was convicted does not describe different offenses, but merely sets forth different methods of committing the same offense. *See Aguirre v. State*, 732 S.W.2d 320, 326 (Tex.Crim.App. 1987) (en banc) (op. on reh'g). Although [Texas Penal Code] sections 19.02(b)(1) and (b)(2) differ in their descriptions of the mental state required for culpability, jurors are not required to agree on the defendant's specific mental state; rather, they need only agree that the defendant possessed one of the alternate mental states that satisfy the element of intent under the statute. *See Jefferson*, 189 S.W.3d at 313 (holding that a jury need not agree on the method of committing an offense where the different possibilities each "involve[d] the same

injury to the same child during the same transaction with a similar level of culpability."); *see also Barfield v. State*, 202 S.W.3d 912, 916 (Tex.App.-Texarkana 2006, pet. ref'd) (holding that a general verdict is appropriate when the jury can convict under § 19.02(b)(1) or (b)(2)).

*Yost v. State*, 222 S.W.3d 865, 877–78 (Tex. App.-Houston [14th Dist.] 2007, no pet.).

In addition, appellant's specific complaint that the trial court's use of a general verdict form unconstitutionally deprived him of his right to a unanimous verdict is without merit. In *Aguirre v. State*, another murder case, the Court of Criminal Appeals determined that because the indictment did not allege different offenses but only alleged different ways of committing the same offense, the trial court's use of a general verdict form was proper. *Aguirre*, 732 S.W.2d at 326; *see Barfield*, 202 S.W.3d at 916. That is the situation here. Accordingly, the trial court did not err when it submitted a general verdict form to the jury.

■ In the second part of his first issue, appellant complains about the State's closing argument. During closing argument, appellant did not object to the argument of either of the State's prosecutors on the basis that the argument improperly told the jury it could convict appellant without a unanimous verdict. In an effort to avoid the consequences flowing from that failure to object, appellant attempts to combine the issue of the State's allegedly improper jury argument together with his allegation that the trial court improperly charged the jury as a single error subject to the same standard of review. *See Rodriguez v. State*, 758 S.W.2d 787, 788 (Tex.Crim.App.1988) (holding that failure to object to an unconstitutional jury charge does not waive error). However, that is not the situation we are presented with here as appellant presents two dis-

tinct issues, one that requires a contemporaneous objection, and one that does not.[4] In order for appellant to complain on appeal about erroneous jury argument, including erroneous jury argument so prejudicial that an instruction to disregard could not cure it, appellant must show that he lodged an objection during trial and pressed that objection to an adverse ruling. *See Cockrell v. State*, 933 S.W.2d 73, 89 (Tex.Crim.App.1996) (holding that no error was preserved when appellant did not object to the prosecution's alleged comment during closing argument on the defendant's failure to testify). As appellant did not object to the State's jury argument, he has not preserved that issue for appellate review and because we have concluded no charge error exists, we overrule appellant's first issue.

## B. The Trial Court Did Not Abuse Its Discretion By Prohibiting Appellant's Expert Witness From Testifying.

■ On April 19, 2004, nearly two years before the trial of this case commenced, the trial court signed an agreed discovery order requiring, among other things, that appellant provide the State with the name and address of any expert witnesses appellant might use at trial. During the punishment phase of the trial, appellant called Victor Hirsch, Ph.D., a clinical psychologist, to the witness stand. Appellant's trial counsel stated Dr. Hirsch would give testimony about the lack of memory allegedly experienced by appellant following his attack on his estranged wife and how com-

mon that occurrence is following a traumatic or emotional experience. The State objected based on lack of notice as required by the trial court's discovery order. Appellant's counsel responded that he was not appellant's original counsel and was unaware of the existence of the discovery order. The trial court sustained the State's objection and prohibited Dr. Hirsch from testifying. In his second issue, appellant argues the trial court abused its discretion when it excluded Dr. Hirsch's testimony.

■ We review a trial court's decision on whether to allow an expert witness to testify on an abuse of discretion standard. *Stoker v. State*, 788 S.W.2d 1, 15 (Tex. Crim.App.1989). A trial court abuses its discretion when its ruling is arbitrary, unreasonable, or without reference to any guiding rules or legal principles. *Lyles v. State*, 850 S.W.2d 497, 502 (Tex.Crim.App. 1993). We must uphold the trial court's decision if it is within the zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim.App.1990).

■ The parties have not pointed to, and our own independent research has failed to discover, any opinions published by a Texas court addressing this exact issue: a defendant's failure to disclose the identity of a testifying expert witness pursuant to a pre-trial discovery order and what sanctions are required or permitted as a result of that failure. However, the Fort Worth Court of Appeals, in an unpublished opinion addressing facts similar to

4. The standard of review for improper jury argument is to review the record in its entirety to determine whether any erroneous statements were made, and if so, whether they were so prejudicial as to deprive the defendant of a fair and impartial trial. *Willis v. State*, 785 S.W.2d 378, 385 (Tex.Crim.App. 1989). However, before a defendant will be permitted to complain on appeal about an

erroneous jury argument, the defendant will have to show he objected and pursued his objection to an adverse ruling. *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex.Crim.App. 1996); *see* Tex.R.App. P. 33.1. The failure to object to a jury argument forfeits the right to complain about the argument on appeal. *Cockrell*, 933 S.W.2d at 89.

those here, held the trial court did not abuse its discretion when it excluded the defendant's expert psychologist from testifying during the punishment phase of that trial. *Strawn v. State*, No. 02–02–00170–CR, 2003 WL 21235537 at *2–*4 (Tex. App.-Fort Worth, May 29, 2003, pet. ref'd) (not designated for publication). In *Strawn*, the Fort Worth Court of Appeals applied the same test used when the prosecution fails to notify the defense of an expert witness. *Id.* at *2. This test encompasses two factors: (1) whether the party's action in failing to timely disclose the expert witness constituted bad faith; and (2) whether the opposing party could have reasonably anticipated that the undisclosed witness would testify. *Id.* at *3. We find the *Strawn* court's reasoning persuasive and adopt that test here.

While there is no evidence in the record, and the State does not argue, that appellant's trial counsel acted with bad faith in not disclosing the expert witness, we find the trial court did not abuse its discretion in excluding Dr. Hirsch's testimony as the State could not reasonably have anticipated that a clinical psychologist would be called by appellant to testify during the punishment phase of the trial, and therefore could not prepare to meaningfully cross-examine or decide to produce its own expert witness in rebuttal. *See id.* (appellate court concluded that the trial court did not abuse its discretion despite finding there was no evidence in the record that the defense acted in bad faith when it failed to disclose the expert and even though the State knew the defendant had undergone a psychological examination). Appellant's argument that the trial court's exclusion of Dr. Hirsch's testimony was an abuse of discretion as the trial court should have resorted to less severe remedies, such as a recess, fails as, in the face of the trial court's ruling excluding Dr. Hirsch's testimony, appellant's trial coun-sel merely passed the witness and did not request a recess to allow the State time to discover the substance of Dr. Hirsch's testimony and prepare a response. *See Leach v. State*, 983 S.W.2d 45, 49 (Tex. App.-Tyler 1998, no pet.) (stating a criminal defendant may waive any error including most constitutional errors, by failing to object or request proper relief). Having found the trial court did not abuse its discretion when it excluded Dr. Hirsch from testifying, we overrule appellant's second issue.

## C. Appellant Did Not Receive Ineffective Assistance of Counsel

■ In his third issue, appellant contends he received ineffective assistance of counsel at trial. In reviewing claims of ineffective assistance of counsel, we apply a two prong test. *See Salinas v. State*, 163 S.W.3d 734, 740 (Tex.Crim.App.2005) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)). To establish ineffective assistance of counsel, appellant must prove by a preponderance of the evidence that (1) his trial counsel's representation was deficient in that it fell below the standard of prevailing professional norms, and (2) there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim.App.2001).

■ When evaluating a claim of ineffective assistance, the appellate court looks to the totality of the representation and the particular circumstances of each case. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex.Crim.App.1999). There is a strong presumption that counsel's actions and decisions were reasonably professional and

were motivated by sound trial strategy. *Salinas,* 163 S.W.3d at 740; *Stults v. State,* 23 S.W.3d 198, 208 (Tex.App.-Houston [14th Dist.] 2000, pet. ref'd). To overcome the presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson,* 9 S.W.3d at 814. When determining the validity of an ineffective assistance of counsel claim, any judicial review must be highly deferential to trial counsel and avoid the deleterious effects of hindsight. *Ingham v. State,* 679 S.W.2d 503, 509 (Tex.Crim.App.1984). When the record is silent as to the reasons for counsel's conduct, a finding that counsel was ineffective would require impermissible speculation by the appellate court. *Stults,* 23 S.W.3d at 208. Absent specific explanations for counsel's decisions, a record on direct appeal will rarely contain sufficient information to evaluate an ineffective assistance claim. *Bone v. State,* 77 S.W.3d 828, 833 (Tex.Crim.App.2002).

Appellant alleges four ways in which his trial counsel was ineffective. Specifically, appellant argues his trial counsel was ineffective because he (1) failed to object to the State's closing argument regarding the need for a unanimous verdict; (2) failed to object to the general verdict form; (3) failed to timely designate appellant's expert witness thus depriving appellant of the opportunity to present defense testimony during the punishment phase of the trial; and (4) failed to preserve the expert witness's testimony once the trial court prohibited the expert witness from testifying. We address appellant's first and second allegations separately while we will address the third and fourth complaints together.

### 1. The Failure to Object to the State's Closing Argument

Appellant initially argues his trial counsel was ineffective because he failed to object to the State's closing argument regarding the requirement of a unanimous verdict and what constituted a unanimous jury. Appellant asserts that, contrary to the jury charge, the State argued that a unanimous jury verdict was not required and his trial counsel's failure to object to this allegedly improper argument establishes ineffective assistance of counsel. The State responds that because a unanimous finding as to the method by which the murder was committed is not required to convict appellant, appellant's trial counsel's decision not to object to the State's argument could have been a matter of trial strategy because an objection could have led to the removal of that language from the jury charge. We agree. Appellant has not directed this court to any portion of the record containing an explanation for his counsel's decision not to object to the argument. Therefore, absent a contrary showing in the record, it must be presumed that appellant's counsel's failure to object to the State's argument was part of a valid, considered trial strategy, and did not constitute deficient performance. *See Thompson,* 9 S.W.3d at 813–14 (holding allegations of ineffective assistance of counsel must be firmly founded in the appellate record).

### 2. The Failure to Object to the General Verdict Form

Appellant next argues his trial counsel was ineffective because he failed to object to the general verdict form submitted to the jury. This argument is without merit as we have already determined that the use of a general verdict form was proper in this case. Since the use of the general verdict form was proper, a failure to object to its use cannot serve as the basis for a finding that appellant's trial counsel was ineffective. *See Clark v. State,* 952 S.W.2d

882, 888 (Tex.App.-Beaumont 1997, no pet.) (holding that since the trial court's submission of an *Allen* charge to a deadlocked jury was proper, trial counsel was not ineffective for failing to object to its use).

### 3. The Failure to Timely Designate Appellant's Expert Witness and to Preserve His Testimony

 In his third ineffective assistance complaint, appellant alleges his trial counsel was ineffective because he failed to timely designate appellant's expert witness. In his fourth, appellant argues his trial counsel was ineffective because, once the trial court excluded Dr. Hirsch, he failed to preserve the substance of Dr. Hirsch's proposed testimony. Since our resolution of appellant's fourth complaint impacts our handling of his third, we address the fourth complaint first.

During the punishment phase of the trial, appellant called Dr. Hirsch to the witness stand. Once Dr. Hirsch identified himself and briefly explained what clinical psychologists do, the State asked for a bench conference. At that bench conference, the State objected to Dr. Hirsch testifying as appellant had not given the State timely notice under the trial court's discovery order that Dr. Hirsch would testify. The trial court then asked appellant's trial counsel "where are we going with this?" In response, appellant's trial counsel stated: "I was just going to talk about the lack of memory, that that's something that's common." The trial court then granted the State's objection and prohibited Dr. Hirsch from testifying.

 Faced with the trial court's decision to exclude Dr. Hirsch, appellant asserts on appeal that, by not complying with Texas Rule of Evidence 103(a)(2), which requires a party complaining of the exclusion of evidence to make the sub-stance of the evidence known to the trial court, unless the substance of the evidence is apparent from the context within which questions were asked, his trial counsel was ineffective. However, while appellant's trial counsel did not put on a formal offer of proof with questions to and answers from Dr. Hirsch, this kind of offer of proof is not required to preserve error when the counsel seeking admission of the evidence describes the evidence to the trial court. *Fox v. State*, 115 S.W.3d 550, 559 (Tex. App.-Houston [14th Dist.] 2002, pet. ref'd). Here, appellant's trial counsel, in direct response to the trial court's inquiry regarding where he was going with Dr. Hirsch's testimony, briefly described the substance of that proposed testimony. An informal bill of review will suffice as an offer of proof when it includes a concise statement of counsel's belief of what the testimony would show. *Love v. State*, 861 S.W.2d 899, 901 (Tex.Crim.App.1993). To preserve error, an informal bill must include a summary of the proposed testimony. *Id.* Appellant's trial counsel's brief description complies with these requirements, thus preserving Dr. Hirsch's testimony for appellate review.

 We turn now to appellant's argument that his trial counsel's failure to timely designate Dr. Hirsch as an expert witness deprived him of effective assistance of counsel. Appellant's trial counsel explained during the bench conference mentioned above why he did not give the State notice of his intent to call Dr. Hirsch as a witness: ignorance of the trial court's discovery order. We will assume without deciding that this single omission by appellant's trial counsel satisfies the first prong of *Strickland* and turn to the second prong.[5] When addressing the second prong of *Strickland*, merely showing that errors had some conceivable effect on the proceedings is inadequate proof. *McFar-*

---

5. In this regard, we note that the right to

reasonably effective counsel does not mean

*land v. State*, 928 S.W.2d 482, 500 (Tex. Crim.App.1996). The second prong of *Strickland* is satisfied by showing that there is a reasonable probability that absent counsel's deficient performance, the result of the proceeding would have been different. *Salinas*, 163 S.W.3d at 740.

As we discussed above, we know the substance of Dr. Hirsch's testimony: that appellant's lack of memory regarding the murder is a common occurrence. In its brief, the State argues that "it seems unlikely that such testimony, which would not address such pivotal factors as Appellant's mental state before and during the murder, would make much difference to the jury." We agree with the State. Appellant has failed to explain how, if Dr. Hirsch's excluded testimony regarding appellant's alleged lack of memory of the murder, a tangential issue at best, had been admitted during the punishment phase of the trial, the result of the punishment phase of the trial would have been different. Because appellant has not met the prejudice prong of *Strickland*, he has not established that he received ineffective assistance of counsel as a result of his trial counsel's failure to timely designate Dr. Hirsch as an expert witness.

We hold that appellant has failed to show that he received ineffective assistance of counsel. We overrule his third issue on appeal.

### Conclusion

Having overruled each of appellant's issues on appeal, we affirm the judgment of the trial court.

the right to errorless counsel. *Saylor v. State*, 660 S.W.2d 822, 824 (Tex.Crim.App.1983). In determining whether counsel was ineffective, an appellate court should consider the totality of the circumstances of the particular case. *Thompson*, 9 S.W.3d at 813.