**Opinion filed September 18, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00296-CR

_____

## MAURICE EDWARD LAVOIE, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the 12th District Court**
**Madison County, Texas**
**Trial Court Cause No. 10-11472-012-6**

## M E M O R A N D U M   O P I N I O N

Maurice Edward Lavoie appeals his conviction of sexual assault of a child.[1] The jury found him guilty of sexual assault of a child, and Appellant opted for the trial court to assess punishment. The trial court assessed his punishment at confinement for a term of fifteen years. We affirm.

---

[1]*See* TEX. PENAL CODE ANN. § 22.011 (West 2011).

## I. *The Charged Offense*

The grand jury returned an indictment against Appellant for the offense of sexual assault of a child, alleging that on or about April 1, 2009, Appellant intentionally and knowingly penetrated the sexual organ of W.H., a child who was then and there younger than seventeen years of age, with his sexual organ. A person commits the offense of sexual assault of a child if he "intentionally or knowingly causes the penetration of the anus or sexual organ of a child by any means." PENAL § 22.011(a)(2)(A).

## II. *Evidence at Trial*

W.H. testified that, when she was seven years old, her father was sent to prison for sexually abusing her; her mother also was sent to prison for witnessing the abuse and failing to act. W.H. then moved in with Appellant and his family in Bedias, Texas. Two weeks after being placed in Appellant's home, Child Protective Services (CPS) moved W.H. to a foster home in Austin. W.H. stayed in Austin for less than a year before she was returned to Appellant's home.

Shortly after W.H. returned, Appellant reached for her hand and asked: "[I]f you can do stuff with your real dad, why not me?" Appellant then made W.H. "rub" his penis outside of his clothes. W.H. was eight years old at the time.

When she was nine or ten years old, Appellant forced W.H. to perform oral sex on him. Appellant also forced W.H. to give him "hand jobs," and he began touching her vagina and chest over and under her clothes. Before W.H. was allowed to go to a friend's house or leave for a school activity, Appellant made W.H. give him a "hand job" or a "blow job."

CPS removed W.H. from Appellant's home once more when she was fourteen years old. Nine months later, W.H. moved back into Appellant's home, which was then located in Madisonville.

2

A couple of days after W.H. returned, Appellant began making her give him "hand jobs" and blow jobs," and the sexual activity shortly progressed to sexual intercourse. W.H. noted that, over the course of the next several months, the sexual intercourse occurred "sometimes every other day, sometimes every three days." W.H. recalled a specific incident that occurred on April 24, 2009, during which Appellant came home from work angry and forced her to have sexual intercourse with him.

## III. *Issues Presented*

Appellant presents two issues on appeal. First, Appellant argues that the trial court erred when it denied his challenges for cause to prospective jurors who indicated that they could not consider community supervision in a case with a defendant charged with sexual assault of a child. Second, Appellant contends that the trial court abused its discretion and denied him due process and due course of law when it denied his motion for continuance and refused to allow him to present testimony to rebut untimely provided discovery by the State.

## IV. *Standard of Review*

When reviewing a trial court's decision to grant or deny a challenge for cause, we look at the entire record to determine if there is sufficient evidence to support the court's ruling. *Patrick v. State*, 906 S.W.2d 481, 488 (Tex. Crim. App. 1995). We give great deference to the trial court's decision because the trial judge is present to observe the demeanor of the venireperson and to listen to his tone of voice. *Id.*

The trial court's denial of a motion for continuance is reviewed for an abuse of discretion. *Janecka v. State*, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996). We also review a trial court's decision on whether to allow a witness to testify for an abuse of discretion. *Johnson v. State*, 233 S.W.3d 109, 114 (Tex. App.—Houston [14th Dist.] 2007, no pet). A trial court abuses its discretion when its ruling is

3

arbitrary, unreasonable, or without reference to any guiding rules or legal principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990).

## V. *Analysis*

### A. *Denial of Challenges for Cause*

Through his first issue, Appellant argues that the trial court erred when it denied his challenges for cause to prospective jurors who indicated that they could not consider community supervision in a case with a white male defendant charged with sexual assault of a child. At oral argument, Appellant recognized that this issue is moot, given that the trial court assessed his punishment. We agree that the issue is moot for the reason cited by Appellant, and we also note that none of the prospective jurors that Appellant challenged for cause actually sat on the jury that assessed his guilt. Accordingly, we overrule Appellant's first issue.

### B. *Denial of Motion for Continuance*

Appellant argues in his second issue that the trial court abused its discretion when it denied his motion for continuance and when it refused to allow him to present the testimony of Darrel Wells, M.D. Appellant argues that he was denied due process and due course of law through the court's actions. We recognize that Appellant's second issue is multifarious, but we review both arguments in the interest of justice. *See* TEX. R. APP. P. 38.1; *Davis v. State*, 329 S.W.3d 798, 820 (Tex. Crim. App. 2010).

We review a trial court's denial of a motion for continuance for an abuse of discretion. *Janecka*, 937 S.W.2d at 468. In reviewing such a decision by the trial court, we bear in mind the general interest in the fair and efficient administration of justice. *Rosales v. State*, 841 S.W.2d 368, 375 (Tex. Crim. App. 1992).

There are no mechanical tests for determining when a denial of continuance is so arbitrary as to violate due process. *Id.* at 374. Instead, the answer must be found in the circumstances present in the case, particularly the reasons presented to

4

the trial judge at the time the request is denied. *Id.* In the absence of an abuse of discretion, there generally can be no violation of due process. *Nwosoucha v. State*, 325 S.W.3d 816, 828 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd).

Prior to trial, Appellant filed a motion for continuance, asking for more time to review evidence that the State had recently given him.[2] The trial court denied the motion. During trial, Jane Riley, a pediatric nurse practitioner, testified that she performed a child sexual assault exam on W.H. in April of 2009. Riley stated that the results of the examination were normal but explained that such a result was common for child victims of sexual assault. Riley noted that she took photographs during W.H.'s exam but stated that she had not brought them with her or given them to the State.

After Riley testified, Appellant informed the trial court that he had just requested the State to supply him with the images taken during Riley's examination of W.H. Appellant further informed the trial court that he might call a doctor to testify in order to explain the photos to the jury on the following day of trial. In response, the trial court asked Appellant why he did not use his own investigator to obtain the photos and noted that testimony regarding the photos would be very similar to testimony already given by Riley. Appellant's attorney recognized that it might have been an "oversight" on his part.

At the start of the next day of trial, Appellant attempted to call Dr. Darrel Wells as a witness. Appellant explained that Dr. Wells intended to testify that the photographs Riley took of W.H. were not consistent with someone who had engaged in sexual intercourse two or three times a week for the four months leading up to the exam. The State objected, arguing that the defense had been ordered to designate all expert witnesses before the start of trial.

---

[2]This evidence consisted of a list of extraneous bad acts that the State intended to introduce at trial and a report issued by the Secret Service that stated that no sexually oriented material was found on Appellant's computer.

Appellant contended that Dr. Wells should be permitted to testify based on the fact that he only learned of the need to call Dr. Wells after he obtained the photographs and found that they contained exculpatory evidence. The trial court once again noted that Appellant had been provided funds to hire an investigator and stated that he could have obtained the photographs from Riley before trial. The trial court sustained the State's objection and refused to allow Dr. Wells to testify.

Appellant then re-urged his previously filed motion for continuance, based on the State's "last minute disclosure of evidence." The trial court denied the motion. Although Appellant argued at trial that his motion for continuance was based on the State's "last-minute disclosure of evidence," Appellant was not surprised by the contents of the photographs. According to counsel, the photographs showed results consistent with the written report Appellant previously received; both the photographs and the report indicated that W.H.'s exam results were normal.[3]

Futhermore, Appellant has failed to show how the trial court's refusal to give him more time to investigate the photographs prejudiced his defense. *See Janecka*, 937 S.W.2d at 468 (stating that, to show an abuse of discretion, an appellant must establish that the trial court's denial of his motion for continuance actually caused him prejudice). We find that the trial court did not abuse its discretion when it denied Appellant's motion for continuance. Given that finding, we also conclude that the trial court's action did not violate Appellant's rights to due process and due course of law. *See Nwosoucha*, 325 S.W.3d at 828. We overrule Appellant's challenge to the trial court's denial of his motion for continuance.

---

[3]Appellant's trial counsel stated that he had read Riley's written report and that he understood, based on the report, that W.H.'s hymen appeared "intact and normal."

6

*C. Refusal to Permit Witness to Testify*

We now turn to Appellant's challenge of the trial court's refusal to allow him to present the testimony of Dr. Wells. We review a trial court's decision to prohibit a witness from testifying for an abuse of discretion. *Johnson*, 233 S.W.3d at 114–15. In reviewing such a decision, we consider (1) whether the party's action in failing to timely disclose the expert witness constituted bad faith and (2) whether the opposing party could have reasonably anticipated that the undisclosed witness would testify. *Id.* at 115.

There is no evidence in the record that Appellant acted in bad faith in failing to timely disclose Dr. Wells as a witness; however, there is evidence that Appellant failed to act with diligence and that his conduct left the State with no time to prepare for Dr. Wells's testimony. Appellant received notice on July 25, 2011, that Riley was to serve as an expert witness in this case, and the case did not go to trial until July 11, 2012. Appellant therefore had ample time to request the photographs from Riley and to designate an expert witness to testify on the photographs. Appellant's failure to diligently comply with the discovery order in this case provided the court with justification to deny his request to allow Dr. Wells to testify.

Additionally, Appellant has not shown how Dr. Wells's testimony would have affected the outcome of this case. *See Strawn v. State*, No. 2-02-170-CR, 2003 WL 21235537, at \*2–4 (Tex. App.—Fort Worth May 29, 2003, pet. ref'd) (not designated for publication) (holding that, because the defendant did not show that the expert witness's testimony was relevant, the trial court did not err when it enforced the discovery order). Riley explained to the jury that W.H.'s exam was normal and noted that it was possible that W.H. had not experienced penetration. Thus, Appellant has failed to establish how Dr. Wells's testimony would have affected the outcome of this case. We find that the trial court did not abuse its

7

discretion when it excluded Dr. Wells's testimony.  In light of that finding, we also conclude that the trial court's action did not violate Appellant's constitutional rights to due process and due course of law.  *See Nwosoucha*, 325 S.W.3d at 828.  Accordingly, we overrule Appellant's second issue.

VI.  <em>This Court's Ruling</em>

We affirm the judgment of the trial court.


MIKE WILLSON

JUSTICE


September 18, 2014

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.