

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-11-00771-CR

Rene Daniel **VILLARREAL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 49th Judicial District Court, Zapata County, Texas
Trial Court No. 2111
Honorable Mark R. Luitjen,[1] Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:    Rebeca C. Martinez, Justice
            Patricia O. Alvarez, Justice
            Luz Elena D. Chapa, Justice

Delivered and Filed:  March 25, 2015

AFFIRMED AS MODIFIED

Rene Daniel Villarreal was charged with murder and proceeded to a jury trial at which he raised the issue of self-defense.  The jury rejected Villarreal's theory of self-defense and found Villarreal guilty of murder as charged in the indictment.  *See* TEX. PENAL CODE ANN. § 19.02(b)(2) (West 2011).  Upon the jury's recommendation, the trial court sentenced Villarreal to a term of 99 years of imprisonment.  On direct appeal, Villarreal complained that he was harmed by the trial

---

[1] Sitting by assignment.

court's failure to instruct the jury that it was required to apply a presumption of reasonableness as to his belief that the use of deadly force was immediately necessary to protect himself. *See* TEX. PENAL CODE ANN. § 9.32(b) (West 2011). A panel of this court sustained Villarreal's complaint regarding charge error, and held that Villarreal was egregiously harmed by the omission of the instruction; the panel thus remanded the case to the trial court for a new trial. *See Villarreal v. State*, 393 S.W.3d 867 (Tex. App.—San Antonio 2012), *rev'd*, - - - S.W.3d - - -, No. PD-0332-13, 2015 WL 458146 (Tex. Crim. App. Feb. 4, 2015).

On discretionary review, the Court of Criminal Appeals held that the omission of a presumption-of-reasonableness instruction did not egregiously harm Villarreal. *See Villarreal v. State*, - - - S.W.3d - - - , No. PD-0332-13, 2015 WL 458146, at *11-12 (Tex. Crim. App. Feb. 4, 2015). Thus, the Court of Criminal Appeals remanded this case to us for consideration of Villarreal's remaining points of error raised on appeal, all of which relate to whether Villarreal received effective assistance of counsel at trial. *Id*. at *12. Upon remand, we modify the judgment of the trial court to correct a clerical error, and affirm the judgment as modified.[2]

## ASSISTANCE OF COUNSEL

In his sixth and seventh issues[3] on appeal, Villarreal argues that he was constructively denied the assistance of counsel, or alternatively, received ineffective assistance of counsel, at the

---

[2] Although the caption of the indictment and the judgment recite that Villarreal was charged and convicted under section 19.02(b)(1) of the Penal Code, the language in the body of the indictment charging murder under section 19.02(b)(2) controls. *See* TEX. PENAL CODE ANN. § 19.02(b)(1), (2) (West 2011); *Jackson v. State*, 880 S.W.2d 432, 433-34 (Tex. App.—Houston [14th Dist.] 1994, pet. ref'd). Here, the body of the indictment reads that, ". . . [O]n or about the 16th day of SEPTEMBER, 2010 A.D. . . . RENE DANIEL VILLARREAL, did then and there, with intent to cause serious bodily injury to an individual, namely, CHRISTOPHER LOUIS MARTINEZ, commit an act clearly dangerous to human life that caused the death of said CHRISTOPHER LOUIS MARTINEZ, by stabbing him in the body with a knife[.]" *See* TEX. PENAL CODE ANN. § 19.02(b)(2). Likewise, the charge instructed the jury to determine whether Villarreal was guilty under section 19.02(b)(2). Accordingly, we modify the trial court's judgment to correct the clerical error and to reflect that Villarreal was found guilty of murder pursuant to section 19.02(b)(2) of the Texas Penal Code.

[3] As listed in Appellant's Amended Brief filed on September 21, 2012.

guilt-innocence stage when his lawyer failed to advocate the merits of his self-defense theory, and asked the jury to find guidance in reaching a verdict by praying to God. In issues eight and nine, Villarreal contends that he was constructively denied counsel, or alternatively, received ineffective assistance of counsel, at the punishment phase when his lawyer failed to advocate the merits of his sudden-passion theory, and asked the jury to arrive at an appropriate sentence by praying to God.

During his closing argument of the guilt-innocence phase of trial, Villarreal's lawyer told the jury:

> I'm not gonna tell you what to do. I'm not gonna tell you find this or find that. My job is to bring in facts. My job is to question witnesses. My job is to look at the evidence. . . .
>
> [T]he only request I have of you, ladies and gentlemen, the only thing I do ask, when you go back into that room, first thing I ask you to do is pray and say Lord, help us to return a true verdict. And he's gonna lead you. Whatever verdict this is, whatever verdict it is, I will never tell you what to do because your creator will. He's gonna lead you. You see the law, you see the evidence, you pray. And you say Lord, help us return a true verdict.
>
> Based on what we heard of the witnesses, help us discern what was true and what wasn't true. Help us discern what evidence we should look at and how we should look at the evidence and help us discern . . . a true vote and return a true verdict in this case because that judgment should reflect only one thing, the truth.

After 45 minutes, the jury returned a verdict of guilty on the charge of murder. During closing argument in the punishment phase, Villarreal's lawyer argued to the jury as follows:

> [T]he purpose of the trial is to search for the truth. And you have answered one of those questions under the guilt or innocence. And we receive that and we respect it . . . . Now that verdict continues with the punishment and that oath also ended with 'so help me God.' And we live — our judicial system has its beginnings in the Christian Judeo System. The Judeo being the law and the Christian being the grace. And the Judeo said an eye for an eye, a tooth for a tooth, a hand for a hand, a foot for a foot, a lie for a lie. . . . And then the Christian part of it, . . . there's grace.

Counsel then referred to testimony by the victim's brother, Jaime Martinez, who stated that everyone makes mistakes, but that people can change, and concluded that, "God will guide us all."

Counsel repeated the "God will guide us" refrain several times throughout his closing. Counsel concluded as follows:

> Again, just like I told you at the guilt or innocence, I will not tell you what to do because I believe there is something greater, which is the oath that you've taken and I believe you're gonna follow that. And I'm gonna believe and I believe and I ask you the only request that I have is that you go in there and before you decide what punishment to return that you do ask your creator. You say guide us, lead us in returning a true and proper verdict regarding the punishment.

After roughly one hour of deliberation, the jury recommended that Villarreal be sentenced to 99 years in the Texas Department of Criminal Justice.

We measure a claim of ineffective assistance of counsel against the two-prong test established by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 686, 687 (1984). *See Hernandez v. State*, 726 S.W.2d 53, 55-57 (Tex. Crim. App. 1986) (applying *Strickland* test). First, an appellant must show that his attorney's performance was deficient, i.e., that counsel's performance fell below an objective standard of reasonableness. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). The appellant must provide a sufficient record that affirmatively demonstrates ineffective assistance and overcomes the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, including the possibility that counsel's actions were strategic. *Id.* at 813. In evaluating counsel's performance, the court does not focus on isolated acts or omissions, but considers all the circumstances surrounding the case and focuses primarily on whether counsel performed in a "reasonably effective" manner. *Strickland*, 466 U.S. at 687. The right to reasonably effective counsel does not mean the right to "errorless or perfect counsel." *Badillo v. State*, 255 S.W.3d 125, 129 (Tex. App.—San Antonio 2008, no pet.) (quoting *Ex parte Welborn*, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990)). It is only when "the conduct was so outrageous that no competent attorney would

have engaged in it," that the challenged conduct will constitute ineffective assistance. *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

Second, once an appellant has demonstrated deficient assistance, it is necessary to affirmatively prove prejudice. *Thompson*, 9 S.W.3d at 812. Proof that counsel's deficient performance prejudiced the appellant's defense requires a showing that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 687-88, 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). A mere showing that counsel's error had some conceivable effect on the proceedings is inadequate, as the burden is to show a "reasonable probability" that the result of the proceeding would have been different. *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *Thompson*, 9 S.W.3d at 813.

Initially, Villarreal argues that he was constructively denied counsel at both phases of trial when, during closing argument, his lawyer refused to advocate the merits of his self-defense and sudden-passion theories, and instructed the jury to determine the verdict by praying to God. "In some cases the performance of counsel may be so inadequate that, in effect, no assistance of counsel is provided." *See United States v. Cronic*, 466 U.S. 648, 654 n.11 (1984). When an appellant can demonstrate that defense counsel "entirely fail[ed] to subject the prosecution's case to meaningful adversarial testing," there is a constructive denial of the assistance of counsel and prejudice is legally presumed. *See id.* at 658-59; *Strickland*, 466 U.S. at 692. *Cronic*'s presumed prejudice standard, however, applies only in situations where counsel's failure was "complete."

*See Bell v. Cone*, 535 U.S. 685, 697 (2002). "Bad lawyering, regardless of *how* bad, does not support the [*per se*] presumption of prejudice under *Cronic*." *Childress v. Johnson*, 103 F.3d 1221, 1229 (5th Cir. 1997).

Here, Villarreal's counsel participated in all aspects of the trial, including making objections, cross-examining the State's witnesses, and making a closing statement. Additionally, counsel requested and obtained jury instructions on Villarreal's theories of self-defense and sudden passion. Thus, the record does not reflect that counsel failed to subject the State's case to "meaningful adversarial testing." Further, the aspects of counsel's performance challenged by Villarreal are of the same type as other specific attorney errors the Supreme Court has held subject to *Strickland*'s performance and prejudice components. *See, e.g., Bell*, 535 U.S. at 697-98 (citing *Darden v. Wainwright*, 477 U.S. 168, 184 (1986) (evaluating under *Strickland* claim that counsel was ineffective for failing to put on mitigating evidence at sentencing). We therefore conclude that counsel's alleged failure to act as an advocate was not "complete," and thus *Strickland*, not *Cronic*, controls our analysis. *See Bell*, 535 U.S. at 696-98.[4]

Villarreal alternatively complains that counsel provided ineffective assistance during closing arguments of both phases of trial. Specifically, Villarreal argues that counsel impermissibly urged the jury to seek guidance from God rather than to follow the court's instructions on how to determine the merits of the State's case and his defense, and to determine an appropriate sentence. The right to effective assistance encompasses closing arguments. *Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003) (per curiam); *Bell*, 535 U.S. at 701-02. The type of closing argument to make is an inherently tactical decision "based on the way a trial is unfolding,

---

[4] Further, any requirements under *Cronic* are incorporated into our review in an ineffective assistance of counsel claim under the two-prong *Strickland* test and by the examination of the totality of the representation. *See Wilkerson v. State*, 726 S.W.2d 542, 548 (Tex. Crim. App. 1986); *Del Torro v. State*, No. 04-99-00599-CR, 2001 WL 487996, at *4 (Tex. App.—San Antonio May 9, 2001, no pet.) (not designated for publication).

the trial strategy employed, the experience and judgment of the defense attorney, and other factors." *Taylor v. State*, 947 S.W.2d 698, 704 (Tex. App.—Fort Worth 1997, pet. ref'd). "[C]ounsel has wide latitude in deciding how best to represent a client, and deference to counsel's tactical decisions in his closing presentation is particularly important because of the broad range of legitimate defense strategy at that stage." *Yarborough*, 540 U.S. at 5-6. Judicial review of an attorney's summation is therefore highly deferential, *id.* at 6, and we will second-guess that strategy only if the attorney's actions are without any plausible basis. *Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002) ("Under *Strickland*, the defendant must prove, by a preponderance of the evidence, that there is, in fact, no plausible professional reason for a specific act or omission.").

Here, Villarreal did not file a motion for new trial complaining of counsel's actions and there was no corresponding hearing at which counsel's reasons could be developed; thus, the record is silent as to why counsel chose not to argue Villarreal's defensive theory or for any particular sentence or punishment, and instead urged the jury to pray to their creator for guidance during both phases of their deliberations. Therefore, there is no evidence in the record about the reasons, or lack of reasons, underlying counsel's strategy. The courts have repeatedly recognized the difficult task of establishing ineffective assistance on direct appeal based solely on the trial record. *See Bone*, 77 S.W.3d at 833 (absent specific explanations for counsel's decisions, record on direct appeal will rarely contain sufficient information to evaluate an ineffective assistance claim); *see also Garcia*, 57 S.W.3d at 440 (in the absence of evidence of counsel's reasons for the challenged conduct, the court "commonly will assume a strategic motivation if any can possibly be imagined," and will not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it"). "When the record is silent as

to the reasons for counsel's conduct, a finding that counsel was ineffective would require impermissible speculation by the appellate court." *Johnson v. State*, 233 S.W.3d 109, 116 (Tex. App.—Houston [14th Dist.] 2007, no pet.). Due to the lack of evidence in the record regarding counsel's actions, we conclude Villarreal failed to rebut the presumption that these decisions were strategic; therefore, Villarreal has failed to establish deficient performance under the first *Strickland* prong. *See Strickland*, 466 U.S at 687; *Thompson*, 9 S.W.3d at 812. When, as here, the first prong of *Strickland* is dispositive, we need address only that prong on appeal. *See Strickland*, 466 U.S. at 697; *Thompson*, 9 S.W.3d at 813; *see also Ex parte Martinez*, 195 S.W.3d 713, 730 n.14 (Tex. Crim. App. 2006) (failure to satisfy either prong of the *Strickland* test is fatal). We thus overrule Villarreal's issues related to both constructive denial of counsel and ineffective assistance of counsel at guilt-innocence and punishment.

Based on the foregoing, we overrule Villarreal's issues related to assistance of counsel. We modify the trial court's judgment to correctly reflect that Villarreal was found guilty of the offense of murder as charged in the indictment under section 19.02(b)(2) of the Texas Penal Code rather than section 19.02(b)(1) as erroneously stated in the judgment. As modified, the judgment of the trial court is affirmed.

Rebeca C. Martinez, Justice

DO NOT PUBLISH