# NO. 12-13-00260-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *OSCAR HERNANDEZ,* *APPELLANT* | § | *APPEAL FROM THE 2ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *CHEROKEE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Oscar Hernandez appeals his conviction for continuous sexual abuse of a child under fourteen, for which he was sentenced to imprisonment for sixty-two years. In seven issues, Appellant argues he received ineffective assistance of counsel. We affirm.

## BACKGROUND

Appellant was charged by indictment with continuous sexual abuse of a child under fourteen and pleaded "not guilty." A jury found Appellant "guilty" as charged and assessed his punishment at imprisonment for sixty-two years. This appeal followed.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his issues one through seven, Appellant argues that he received ineffective assistance of counsel at trial.

### Governing Law

Claims of ineffective assistance of counsel are evaluated under the two step analysis articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 674 (1984). The first step requires the appellant to demonstrate that trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *See Strickland*,

466 U.S. at 688, 104 S. Ct. at 2065. To satisfy this step, the appellant must identify the acts or omissions of counsel alleged to be ineffective assistance and affirmatively prove that they fell below the professional norm of reasonableness. *See McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). The reviewing court will not find ineffectiveness by isolating any portion of trial counsel's representation, but will judge the claim based on the totality of the representation. *See Strickland*, 466 U.S. at 695, 104 S. Ct. at 2069.

In any case considering the issue of ineffective assistance of counsel, we begin with the strong presumption that counsel was effective. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). We must presume counsel's actions and decisions were reasonably professional and were motivated by sound trial strategy. *See id.* Appellant has the burden of rebutting this presumption by presenting evidence illustrating why his trial counsel did what he did. *See id.* Appellant cannot meet this burden if the record does not affirmatively support the claim. *See Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012). A record that specifically focuses on the conduct of trial counsel is necessary for a proper evaluation of an ineffectiveness claim. *See Kemp v. State*, 892 S.W.2d 112, 115 (Tex. App.–Houston [1st Dist.] 1994, pet. ref'd).

Before being condemned as unprofessional and incompetent, defense counsel should be given an opportunity to explain his or her actions. *See Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002). Thus, absent a properly developed record, an ineffective assistance claim must usually be denied as speculative, and, further, such a claim cannot be built upon retrospective speculation. *Id.* at 835.

Moreover, after proving error, the appellant must affirmatively prove prejudice from the deficient performance of his attorney. *See Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999); *Burruss v. State*, 20 S.W.3d 179, 186 (Tex. App.–Texarkana 2000, pet. ref'd). The appellant must prove that his attorney's errors, judged by the totality of the representation and not by isolated instances of error, denied him a fair trial. *Burruss*, 20 S.W.3d at 186. It is not enough for the appellant to show that the errors had some conceivable effect on the outcome of the proceedings. *Id.* He must show that there is a reasonable probability that, but for his attorney's errors, the jury would have had a reasonable doubt about his guilt or that the extent of his punishment would have been less. *See id.*; *see also Bone v. State*, 77 S.W.3d at 837.

**Failure to Give Notice of Testifying Expert Witness**

In his first issue, Appellant argues that his counsel was ineffective because he failed to disclose Child Forensic Interviewer Reashel Self as a potential expert witness, which resulted in the exclusion of her testimony.

At trial, Appellant's counsel made clear what the substance of Self's testimony would be. Specifically, counsel stated that Self would testify that the two child victims, E.S. and B.S., did not make eye contact during their interviews, which could indicate that they were lying. Moreover, counsel stated that Self would testify to the characteristics a person who is lying might exhibit. Lastly, counsel indicated that Self, were she called to testify, would sponsor the videos of the forensic interviews conducted on the victims.

In his brief, Appellant argues that had his counsel properly given notice of Self as an expert witness, her testimony would have called into doubt the victims' testimonies and the outcome of the case would have been different. But the record reflects that E.S. admitted to having lied in the past concerning the events at issue. Specifically, E.S. testified as follows:

> Q. Do you remember talking to a police officer that night?
> A. Yes.
>
> Q. And what did you tell the police officer?
> A. I told him some of the stuff.
>
> Q. Okay. How come you didn't tell him all the stuff? Is there a reason?
> A. Trust. I don't really like the police[]. I don't know. I just don't. I didn't think it was also necessary to tell them everything.
>
> . . . .
>
> Q. Does how much you tell about everything that happened depend on who you are talking to?
> A. Yes.
>
> Q. When I say it depends on who you are talking to[,] is it fair to say that it depends on how much you trust that person?
> A. Yes.
>
> . . . .
>
> Q. When you would talk to other people and you wouldn't tell them everything[,] were you telling them the truth or a lie?
> A. I guess you could say a lie.
>
> Q. Okay. Would that be because you didn't tell them the entire truth?
> A. Yes.

Moreover, B.S. similarly admitted that her in-court testimony was inconsistent with her previous statements concerning the relevant events. Specifically, B.S. testified as follows:

> Q. So three or four years later[,] you tell the [District Attorney] what you are saying now is the truth?
> A. Yes.
>
> Q. Okay. So for four years[,] you continued to lie about it?
> A. Not totally.
>
> Q. What do you mean not totally? I don't understand.
> A. Because I wasn't saying the whole entire truth. I would just say parts, it would be a lie though.

B.S. further testified concerning a letter she wrote for school, in which she praised Appellant as a loving father figure. At trial, she described the letter as a "cover-up story."

During the presentation of his case, Appellant focused heavily on attacking the credibility of the victims' testimonies. And it is apparent from the record that Appellant's sole purpose for seeking to present Self's testimony was to attempt to further discredit the victims' testimonies and the statements they made in their interviews. But both B.S. and E.S. admitted to not having been entirely forthcoming in the past concerning the events in question. Thus, even without Self's testimony, the jury was able to consider the victims' in-court testimonies with the knowledge that each witness previously had given less than complete versions of their stories. Ultimately, the jury reasonably could have found that B.S. and E.S. lacked credibility, but it declined to do so. Therefore, we cannot conclude that but for Appellant's counsel's failure to properly notice Self as an expert witness, the outcome of the case would have been different. Appellant's first issue is overruled.

## Failure to Make a Bill of Exception

In his second and third issues, Appellant contends that his counsel was ineffective because he failed to make a bill of exception regarding the testimony he expected to elicit from Self and of the recordings of the forensics interviews of the victims her testimony would have sponsored. However, while Appellant's trial counsel did not make a bill of exception or put on a formal offer of proof with questions to and answers from Self, he was not required to do so to preserve error because he described the evidence to the trial court. *See Johnson v. State*, 233 S.W.3d 109, 117 (Tex. App.–Houston [14th Dist.] 2007, no pet.). As set forth previously, Appellant's counsel made clear to the trial court the testimony he hoped to elicit from Self and

4

his purpose for admitting the videos of the forensic interviews. Therefore, we hold that Appellant's counsel's failure to make a bill of exception does not amount to ineffective assistance. Appellant's second and third issues are overruled.

**Failure to Object to Jury Charge**

In his fourth issue, Appellant argues that he received ineffective assistance of counsel because his counsel failed to object to the absence of an instruction in the court's charge on punishment stating that Appellant would not be eligible for parole. In his fifth issue, Appellant contends that his trial counsel was ineffective in not requesting that this instruction concerning his ineligibility for parole be included in the charge. In his sixth issue, Appellant argues that his trial counsel was ineffective because he failed to object to the trial court's response to the jury declining to answer its inquiry during deliberations concerning the effect of parole on Appellant's sentence.

The trial court is required to give the jury a written charge setting forth the law applicable to the case; not expressing any opinion as to the weight of the evidence, not summing up the testimony, discussing the facts, or using any argument in his charge calculated to arouse the sympathy or excite the passions of the jury. *See* TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). Article 37.07, Section 4 of the code of criminal procedure provides the instructions that trial courts are required to give juries to inform them about the law of parole. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4 (West Supp. 2014). In clarifying the Legislature's intent regarding the provisions of Article 37.07, the court of criminal appeals has explained that the Legislature did not want any creative deviations from its chosen language regarding parole law instructions; consequently, trial judges cannot cut and paste as they see fit. *See **Luquis v. State***, 72 S.W.3d 355, 363 (Tex. Crim. App. 2002).

Article 37.07, Section 4, provides that the language generally required in a charge addressing the law of parole does not apply to offenses arising under Section 21.02 of the penal code, offenses arising under Section 22.021 of the penal code that are punishable under subsection (f) of that section, or to capital felonies. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4. Section 508.145(a) of the government code provides that a person serving a sentence for continuous sexual abuse of a young child is not eligible for release on parole. TEX. GOV'T CODE ANN. 508.145(a) (West Supp. 2014). Here, Appellant was convicted of continuous sexual abuse of a child, a violation of Section 21.02 of the penal code. *See* TEX. PENAL CODE ANN. 21.02(b)

(West Supp. 2014). Thus, the instructions to inform a jury about the law of parole contained in Article 37.07 do not apply to Appellant.

In *Cross v. State*, No. 09-11-00406-CR, 2012 WL 6643832 (Tex. App. Beaumont Dec. 19, 2012, pet. ref'd) (mem. op., not designated for publication), a jury convicted the defendant of continuous sexual abuse of a child. *See id.* at *1. On appeal, the appellant complained that the trial court erred when it denied his request to include an instruction in the jury charge given in the punishment phase of the trial advising the jury that he would not be eligible for parole. *Id.* at *4. The court of appeals concluded the trial court did not err by refusing the defendant's requested instruction concerning his ineligibility for parole. *Id.* at *5. In so doing, the court noted that "[t]he Court of Criminal Appeals has expressed its reluctance to deviate from statutory instructions that are prescribed by the Legislature" and has indicated that, generally, special nonstatutory instructions have no place in the charge. *Id.* at *4; *Luquis*, 72 S.W.3d at 364; *see also* *Walters v. State*, 247 S.W.3d 204, 211 (Tex. Crim. App. 2012) (special, nonstatutory instructions, even when they relate to statutory offenses or defenses, generally have no place in jury charge).

There, the instruction the defendant requested about the potential effect of a conviction on his eligibility for parole was a special, nonstatutory instruction. *See Cross*, 2012 WL 6643832, at *4. The Legislature has not provided for such an instruction in prosecutions for continuous sexual abuse of a child, and, consequently, the appellate court concluded the trial court did not err in refusing the instruction the defendant requested. *Id.* at *4.

Because the Legislature has not provided for a parole instruction under these circumstances, we conclude that Appellant's trial counsel was not ineffective for his failure to object to the trial court's omission to a parole instruction in the charge, his failure to request such an instruction, or his failure to object to the trial court's response declining to answer the jury's inquiry concerning Appellant's parole eligibility. Appellant's fourth, fifth, and sixth issues are overruled.

## Failure to Object to Inadmissible Hearsay

In his seventh issue, Appellant argues that his trial counsel was ineffective because he failed to object to inadmissible hearsay elicited from B.S. during cross examination regarding an alleged statement Appellant made threatening to kill the victims' father if he were to go to

6

prison.[1] Yet, the record before us is silent about trial counsel's underlying strategy or why he chose the course he did. Normally, a silent record cannot defeat the strong presumption of effective assistance of counsel. *See Garza*, 213 S.W.3d at 348; *Thompson v. State*, 9 S.W.3d 808, 813–14 (Tex. Crim. App. 1999); *but see Menefield*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012) (holding if trial counsel is not given opportunity to explain allegedly deficient actions, appellate court should not find deficient performance absent challenged conduct "so outrageous that no competent attorney would have engaged in it"); *Andrews v. State*, 159 S.W.3d 98, 102–03 (Tex. Crim. App. 2005) (reversing a conviction "in a rare case" on the basis of ineffective assistance of counsel when trial counsel did not object to a misstatement of law by the prosecutor during argument).

In *Andrews*, the same prosecutor who filed a motion to cumulate the sentences in four counts of sexual abuse later argued to the jury, "You give him 20 years in each case, it's still just 20 years. It's still not 80. You can give different amounts if you want. You can give 20, 10, 10, five, it's still just 20." *Id.* at 100. The appellant's trial counsel did not object to the prosecutor's misstatement of the law. *Id.* The trial court ultimately granted the State's motion to cumulate the sentences and imposed a combined prison sentence of seventy-eight years. *Id.* The court concluded that the argument left the jury with the incorrect impression that the appellant's sentences could not be stacked and that the appellant would serve no more than twenty years in prison for all four counts. *Id.* at 103. Therefore, the court held that, under the "extremely unusual circumstances of [the] case," the record contained all of the information it needed to conclude that there could be "no reasonable trial strategy for failing to object" to the prosecutor's misstatement of the law. *Id.*

The "extremely unusual circumstances" present in *Andrews* are not present in the case at hand. Counsel's reasons in *Andrews*, if any, were unnecessary to resolve the ineffective assistance of counsel claim. *See Berry v. State*, No. 05-04-01161-CR, 2005 WL 1515512, at *3 (Tex. App.–Dallas June 28, 2005, no pet.) (op., not designated for publication). But counsel's failing to object to a misstatement of the law that is detrimental to one's client when the harm is so clearly presented on appeal is quite different from determining whether to object to hearsay testimony as a matter of trial strategy. *See Walker v. State*, No. 12-13-00076-CR, 2014 WL

---

[1] B.S.'s testimony revealed that she did not directly hear Appellant make this statement, but rather, that she was made aware of the statement from another source.

357193, at *2 (Tex. App.—Tyler Jan. 31, 2014, pet. ref'd) (mem. op., not designated for publication) (failure of trial counsel to object to hearsay testimony not ineffective assistance because counsel's underlying reasons for decision not demonstrated by record).

Having reviewed the record in the instant case, we conclude that the facts before us are distinguishable from the facts in *Andrews* and Appellant's trial counsel's alleged deficient conduct is not "so outrageous that no competent attorney would have engaged in it." *See Menefield*, 363 S.W.3d at 593. Thus, we decline to hold that the record before us contains all of the information needed for us to conclude that there could be no reasonable trial strategy for Appellant's trial counsel's alleged unprofessional acts. Therefore, we hold that Appellant has not met the first prong of *Strickland* because the record does not contain evidence concerning Appellant's trial counsel's reasons for choosing the course he did. As a result, Appellant cannot overcome the strong presumption that his counsel performed effectively. Appellant's seventh issue is overruled.

## DISPOSITION

Having overruled Appellant's seven issues, we *affirm* the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered May 29, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

8



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 29, 2015**

**NO. 12-13-00260-CR**

**OSCAR HERNANDEZ,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 2nd District Court

of Cherokee County, Texas (Tr.Ct.No. 17,690)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*