

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00219-CR

_____

DAMION DEWAYNE WILLIAMS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 12-0340X

Before Morriss, C.J., Moseley and Burgess, JJ.
Opinion by Justice Moseley

# O P I N I O N

Damion Dewayne Williams, convicted of aggravated sexual assault [1] of Alana,[2] his twelve-year-old half sister, was sentenced to eighteen years' imprisonment.  On appeal, Williams raises several points of error, including (1) a challenge to the admission of evidence of other wrongdoing admitted under Rule 404(b) of the Texas Rules of Evidence, (2) a claim of error by the trial court in applying the balancing test prescribed by Rule 403 of the Texas Rules of Evidence, (3) a claim of error in the exclusion of a co-defendant's statement, (4) a claim of error in the jury charge, and (5) a claim that the evidence was insufficient to sustain his conviction.  Because we sustain his complaint of jury charge error (finding the existence of egregiously harmful error), we find it necessary to reverse the conviction and remand the matter to the trial court for a new trial.  Accordingly, we do not address Williams' other points of error.

## I.    The Evidence and Indictment

Alana testified that Williams and his cousin, Sam, came to her house about 3:00 a.m. July 23, 2012, and had her engage in sexual intercourse with each of them.  She detailed the incident, relating that Williams had penetrated both her vagina and her anus with his penis.[3]  A friend of Alana's who was spending the night with her also came out into the back yard of the house and

---

[1]*See* TEX. PENAL CODE ANN. § 22.021(a)(2)(B) (West Supp. 2014).

[2]To protect the privacy of the victim and a child witness, we use pseudonyms for children in this case, and we do not use surnames of witnesses.  *See* TEX. R. APP. P. 9.10.

[3]Alana described the offenses in age-appropriate, unsophisticated terms, which Williams does not challenge.  "Where the child has sufficiently communicated to the trier of fact that the touching occurred to a part of the body within" the Texas Penal Code's definitions, "the evidence will be sufficient to support a conviction regardless of the unsophisticated language that the child uses."  *Clark v. State*, 558 S.W.2d 887, 889 (Tex. Crim. App. 1977).

witnessed some of the intercourse taking place between Williams and Alana. The next morning, Alana told Sandra, her mother, about the incident. Sandra promptly went to Williams' mother's home (where Williams resided) to confront Williams about the allegations made by Alana. Upon being confronted, Williams became agitated and retrieved a pistol, which he waved around apparently attempting to apply the *ad baculum* method of persuasion as he told his mother that Sandra and Alana were lying. Sandra said she felt threatened by Williams' actions. Despite his protestations of innocence, at one point during this confrontation, Williams told his mother he had been high on drugs and did not remember what he might have done.

Upon exiting the residence where Williams lived, Sandra then went to Sam's mother's house, where Sam lived. Williams followed Sandra there and, once again, waved the pistol around with what appeared to Sandra to have the motive of intimidating Sam, who remained silent. A nurse who conducted a sexual assault examination of Alana testified that the child had described both vaginal and anal penetration performed on her by Williams.

The indictment alleged that on July 23, 2012, Williams had

Paragraph A

then and there intentionally or knowingly cause[d] the penetration of the sexual organ of [Alana], a child who was then and there younger than 14 years of age, by defendant's sexual organ;

Paragraph B

then and there intentionally or knowingly cause[d] the penetration of the anus of [Alana], a child who was then and there younger than 14 years of age, by the defendant's sexual organ.

3

*See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B) (West Supp. 2014). The indictment contained no coordinating conjunction, either cumulative or disjunctive, between paragraphs A and B.

## II.    Charge / Unanimity

Williams claims that the trial court's jury charge was error because, he maintains, it allowed the jury to arrive at a non-unanimous verdict. Williams argues that the trial court should have required the jury to reach a unanimous verdict regarding whether Williams penetrated Alana's sexual organ or her anus. We agree.

The charge mirrored the indictment, authorizing conviction if the jury found, beyond a reasonable doubt, on one hand, that Williams engaged in aggravated sexual assault of a child by penetrating Alana's sexual organ and, on the other hand, if the jury, using the same standard of proof, found that Williams engaged in aggravated sexual assault of a child by penetrating her anus. To best comprehend the situation, it is best to set out the wording of the pertinent part of the charge verbatim. The charge read as follows:

PARAGRAPH A

Now, if you find from the evidence beyond a reasonable doubt that on or about the 23rd day of July, 2012, in Harrison County, Texas, the defendant, Damion Dewayne Williams, did, then and there intentionally or knowingly cause the penetration of the sexual organ of [Alana] a child who was then and there younger than 14 years of age, by defendant's sexual organ then you will find the defendant guilty of aggravated sexual assault as charged in the indictment.
Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict "Not Guilty."

4

PARAGRAPH B

Now, if you find from the evidence beyond a reasonable doubt that on or about the 23rd day of July, 2012, in Harrison County, Texas, the defendant, Damion Dewayne Williams, did, then and there intentionally or knowingly cause the penetration of the anus of [Alana] a child who was then and there younger than 14 years of age, by defendant's sexual organ then you will find the defendant guilty of aggravated sexual assault as charged in the indictment.

Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict "Not Guilty."

Neither the indictment nor the charge used either a cumulative coordinating conjunction, e.g., "and," or a disjunctive coordinating conjunction, e.g., "or." Both documents simply stated Paragraph A, describing penetration of the complainant's sexual organ as the offense, followed by Paragraph B, describing penetration of the child's anus.[4]

Each viewing the ruling from a different perspective, both parties cite to and rely on *Jourdan v. State*, 428 S.W.3d 86 (Tex. Crim. App. 2014), as controlling precedent for their opposing viewpoints. After reviewing the Texas Court of Criminal Appeals' reasoning in that case (as well as other cases addressing similar issues), we find that the rationale in *Jourdan* determines the outcome of Williams' appeal.

At issue in *Jourdan* was whether the appellant's right to a unanimous verdict had been protected. Similar to Williams, Jourdan's indictment contained two paragraphs, the first of which alleged contact or penetration of the victim's sexual organ by Jourdan's sexual organ, and the

---

[4]Although not raised by Williams, we observe that despite the designation of these offenses as paragraphs, strictly speaking, and in light of the evidence at trial, these allegations could have been styled counts, as they each described discrete offenses, and the State offered evidence of commission of both offenses. An indictment may allege multiple offenses, delineated in counts; counts may then allege means or manners of commission, separated in paragraphs. "[A]n indictment cannot authorize more convictions than there are counts." *Martinez v. State*, 225 S.W.3d 550, 554 (Tex. Crim. App. 2007).

5

second one alleging that the victim's sexual organ was penetrated by Williams' finger. *Id.* at 88–89. The Texas Court of Criminal Appeals found that the allegations could have alleged crimes under either Section 22.021(a)(1)(A)(i) or Section 22.021(a)(1)(A)(iii) of the Texas Penal Code.[5] The State urged that if the reader excluded the word "contact" from the first paragraph, that allegation would then describe an offense only under Section 22.021(a)(1)(A)(i) (i.e., penetration of another's sexual organ by any means). *Id.* at 94. From that perspective, the State had alleged two manners or means of committing only a single offense: penetration of the victim's sexual organ. In light of the particular facts and state of the evidence in that case, the Texas Court of Criminal Appeals found little danger of the jury arriving at a non-unanimous verdict: "The jury was not required to reach unanimity with respect to whether the appellant penetrated [the victim] with his penis or his finger during that transaction." *Id.* at 96.

The situation with which we are presented differs in at least one pertinent manner from that in *Jourdan*. As in *Jourdan*, our case involves an indictment with two paragraphs, each alleging a different manner or means of penetrating the victim, Alana. Using that reasoning, the two indicting paragraphs here allege two ways of committing the single offense of penetration in Section 22.041(a)(1)(B)(i). However, the result in *Jourdan* was highly dependent on the particular facts of that case, and the Texas Court of Criminal Appeals' resolution of that case was based on the evidence suggesting a singular penetration of a singular orifice of a singular victim. In the case before us, the State did allege two different ways of committing the offense of penetration

---

[5]*See* TEX. PENAL CODE ANN. § 22.021 (West Supp. 2014). The crime at issue in our case involves Section 22.021(a)(1)(B)(i). The only difference in the offenses detailed in Section 22.021(a)(1)(A) and 22.021(a)(1)(B) is the victim's status as a child or "person," or one seventeen years of age or older.

6

proscribed by Section 22.021(a)(1)(B)(i), but the State actually presented evidence of two penetrations, that is, the penetration of two different orifices. Alana testified that Williams penetrated both her anus and her sexual organ, and the nurse who examined Alana testified that the young lady also made these allegations to her. Thus, there was evidence that Williams not only committed the crime described in Section 22.021(a)(1)(B)(i), there was also evidence that he committed the crime in both the manners described. In other words, there was evidence of two penetrations, or two crimes.

Although arguably dictum, part of the discussion in *Jourdan* addressed this situation: "[A] defendant may be susceptible to prosecution under Section 22.021(a)(1)(A)(i) [or, as here, Section 22.021(a)(1)(B)(i)] for as many 'persons' as he penetrated during the same transaction, and for as many statutorily delineated orifices as the evidence may show he penetrated." *Id.* While observing that the gravamen of the subsection at issue is penetration, modified by the adverbial phrases "of the anus or sexual organ," "of another person," and "by any means," the *Jourdan* court pointed out that only the first two phrases "provide a level of specificity that arguably serves to define discretely actionable units of prosecution even within the same subsection." *Id.*

The same reasoning yielded the result in *Pizzo v. State*, 235 S.W.3d 711, 717 (Tex. Crim. App. 2007), where the Texas Court of Criminal Appeals ruled that indecency with a child by contact could be committed three ways: by touching (with the requisite intent) the victim's (1) anus, (2) breast, or (3) genitals. *See* TEX. PENAL CODE ANN. §§ 21.01(2), 21.11(a)(1) (West 2011). Because the Legislature "refused to group indecency by contact by transaction," "if a person touches the anus, breasts, and genitals of a child with the requisite intent during the same

7

transaction, the person is criminally responsible for three separate offenses." *Pizzo*, 235 S.W.3d at 718.[6] *Pizzo*'s analysis also pointed out that the three prohibited areas of the body were separated by "or," as are the prohibited areas of penetration in Section 22.041(a)(1)(B)(i).[7]

Based on these cases, where the State indicted Williams under alternate means of committing aggravated sexual assault of a child as described in Section 22.041(a)(1)(B)(i) and presented evidence that he committed the offense under both alleged theories, the trial court was required to submit to the jury the offense in the disjunctive. "[A]lthough the indictment may allege the differing methods of committing the offense in the conjunctive, it is proper for the jury to be charged in the disjunctive." *Kitchens v. State*, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991). "It is appropriate where the alternate theories of committing the same offense are submitted to the jury in the disjunctive for the jury to return a general verdict if the evidence is sufficient to support a finding under any of the theories submitted." *Id.*[8] In *Kitchens*, the defendant was charged with and convicted of one capital murder; in that case, the court found that there was no requirement of unanimity as to the "'preliminary factual issues which underlie the verdict.'" *Id.* (quoting *Schad*

---

[6]*Pizzo*'s analysis included a summary of *Stuhler v. State*, 218 S.W.3d 706 (Tex. Crim. App. 2007), wherein the court found that because the injury to child, or elderly or disabled individual statute "defined the offense of injury to a child according to the kind and degree of injury that results," then where "various results are set out in different subsections of the statute, and the degree of the offense is determined, at least in part, according to which of the results the defendant's act or omission caused," Section 22.04(a)(1)–(3) requires juror unanimity. *Id.* at 718–19; *see* TEX. PENAL CODE ANN. § 22.04 (West Supp. 2014).

[7]*See also Vernon v. State*, 841 S.W.2d 407, 410 (Tex. Crim. App. 1992) (stating that "those who commit multiple discrete assaults against the same victim . . . are liable for separate prosecution and punishment for every instance of such criminal conduct").

[8]Kitchen's indictment conjunctively alleged that he committed murder in the course of committing kidnapping, robbery, and aggravated sexual assault. The jury charge disjunctively authorized conviction if the jury found he killed the victim in the course of robbery or sexual assault. *Kitchens*, 823 S.W.2d at 257 n.1.

8

*v. Arizona*, 501 U.S. 624, 632 (1991) (plurality opinion) (quoting *McKoy v. N. Carolina*, 494 U.S. 433, 449 (1990) (Blackmun, J., concurring))). In *Kitchens*, there was only one allowable unit of prosecution: the capital murder of one person. In an aggravated sexual assault of a child case, there are as many allowable units of prosecution as the evidence shows that the defendant committed. The gravamen of the offense of aggravated sexual assault of a child is penetration. *See Jourdan*, 428 S.W.3d at 96. While *Jourdan* stressed that the gravamen was penetration and "not the various and unspecified 'means' by which that penetration may be perpetuated," that case involved a single penetration of a single orifice. *Id*. *Jourdan* also made the point, quoted above, that one may be prosecuted for as many victims or orifices as the actor penetrates. *Id*.

In *Francis v. State*, 36 S.W.3d 121 (Tex. Crim. App. 2000), the State presented evidence of four instances of indecency with a child by contact. Each incident of touching with which Francis was charged (two each of breast and genitalia) occurred on different dates. The State elected to seek convictions on only two of the four instances: one instance of touching the victim's breast and one instance of touching the victim's genitals. Although there was no evidence that the two touches ever occurred during a single incident, the trial court's charge disjunctively authorized conviction if the jury found Francis touched the child's breast or genitals. *Id.* at 122–23. The *Francis* court differentiated *Kitchens*, pointing out that *Kitchens* addressed a single murder, but in *Francis*, "two separate offenses were submitted to the jury in the disjunctive." *Id.* at 124. This

was error—the disjunctive charge allowed the possibility of a jury reaching a non-unanimous verdict. *Id*. at 125.[9]

In *Cosio v. State*, 353 S.W.3d 766 (Tex. Crim. App. 2011), the court found charge error where the trial court's charge allowed for a non-unanimous verdict. Cosio was indicted for four different offenses and was charged by four counts in a single indictment. The jury found Cosio guilty on all four counts. The court described three manners in which non-unanimity could arise[10] and found error in Cosio's case where

> non-unanimity may occur when the State charges one offense and presents evidence that the defendant committed the charged offense on multiple but separate occasions. Each of the multiple incidents individually establishes a different offense or unit of prosecution. The judge's charge, to ensure unanimity, would need to instruct the jury that its verdict must be unanimous as to a single offense or unit of prosecution among those presented.

*Id.* at 772 (citations omitted). There was evidence presented of the commission of each of the four counts and on some of the counts, there was evidence of more than one commission. The Texas

---

[9]*Francis* explained the situation as follows:

> The breast-touching and the genital-touching were two different offenses, and therefore, should not have been charged in the disjunctive. By doing so, it is possible that six members of the jury convicted appellant on the breast-touching offense (while the other six believed he was innocent of the breast-touching) and six members convicted appellant on the genital-touching offense (while the other six believed he was innocent of the genital-touching).

*Francis*, 36 S.W.3d at 125.

[10]"[N]on-unanimity may occur when the State presents evidence demonstrating the repetition of the same criminal conduct, but the actual results of the conduct differed"; "non-unanimity may occur when the State charges one offense and presents evidence that the defendant committed the charged offense on multiple but separate occasions"; and "non-unanimity may occur when the State charges one offense and presents evidence of an offense, committed at a different time, that violated a different provision of the same criminal statute." *Cosio*, 353 S.W.3d at 771–72.

10

Court of Criminal Appeals found that the charge allowed for a non-unanimous verdict and, consequently, that there was charge error.

Here, the State alleged one offense—aggravated sexual assault of a child—and the indictment provided two ways to commit that offense. However, the State actually presented evidence in an effort to prove both manners and means of committing aggravated sexual assault of a child. In other words, although the State tried Williams for one offense, it presented evidence of two offenses. The jury charge listed both manners and means, but failed to require the jury to reach a unanimous verdict on the way Williams committed aggravated sexual assault of Alana.[11] "[T]he jury must be instructed that it must unanimously agree on one incident of criminal conduct (or unit of prosecution), based on the evidence, that meets all of the essential elements of the single charged offense beyond a reasonable doubt." *Id.* at 776. In this situation we find the trial court's charge failed to instruct the jury to be unanimous upon which offense they were convicting Williams.

III.    *Almanza* **Harm Analysis**

Having found error in the trial court's charge to the jury, we now review for harm. Because Williams failed to preserve an objection to this portion of the trial court's charge,[12] he must

---

[11]For comparison, in *Huffman v. State*, 267 S.W.3d 902 (Tex. Crim. App. 2008), the defendant was convicted of failing to stop and render aid after an accident. Pointing out that "a separate prosecution for failure to stop and render aid can occur for each individual injured in the accident whom the defendant fails to aid," "separate victims result in separate offenses for double jeopardy purposes, they also result in separate offenses for jury unanimity purposes." *Id.* at 908. The court found that the three elements of the statute (failing to stop, failing to return, or failing to remain at the scene of an accident) were three means of committing the offense. But the three could just as well be seen as a single failure; the allowable unit of prosecution was "each victim, each accident." *Id.* Because there was only one victim and one accident, the allegations presented alternative means of committing the sole offense.

[12]Williams' only objection was to request the word "sympathy" be included in the instruction that the jury not allow their "verdict to be determined by bias or prejudice."

11

establish that he suffered egregious harm from the error in order to warrant reversal of his conviction. In other words, since Williams failed to object, we will not reverse unless Williams suffered harm so egregious that he was denied a fair and impartial trial. *See Almanza* v. *State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g). Egregious harm means the charge error affected the "the very basis of the case," deprived the defendant of a "valuable right," or "vitally affect[ed] a defensive theory." *Id.* at 172. Direct evidence of harm is not required to establish egregious harm. *Castillo–Fuentes v. State*, 707 S.W.2d 559, 563 n.2 (Tex. Crim. App. 1986). The harm analysis takes into consideration "1) the charge itself; 2) the state of the evidence including contested issues and the weight of the probative evidence; 3) arguments of counsel; and . . . 4) any other relevant information revealed by the record of the trial as a whole." *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996).

In abstract language explaining the law of the case, the charge instructed the jury, "You may return a verdict only if all twelve of you agree on this verdict."[13] The only problem with the charge is that, as discussed above, it allowed the jury to convict Williams without the jurors reaching unanimity regarding the offense of which they were convicting him. The charge first provides that the jury may convict if they find beyond a reasonable doubt that Williams penetrated Alana's sexual organ. It goes on to instruct that if the jury had any reasonable doubt thereon, they were to find Williams not guilty. Then, without an "or" or an "and," the charge authorizes

---

[13]Although this language was before the application paragraphs, the Texas Court of Criminal Appeals has said, "[T]he standard, perfunctory unanimity instruction at the end of each charge did not rectify the error." *Cosio*, 353 S.W.3d at 774.

conviction if the jury finds Williams penetrated Alana's anus. It then goes on to say that any reasonable doubt would require a not guilty verdict.[14] Although the charge allowed all twelve jurors to agree on the verdict of guilty, it did not require all twelve to agree on which orifice (sexual organ or anus) Williams penetrated. It was possible, for instance, for eight jurors to have found, beyond a reasonable doubt, that Williams penetrated the child's sexual organ and not the anus, while the remaining four determined that he penetrated the anus and not the sexual organ. "Under our state constitution, jury unanimity is required in felony cases, and, under our state statutes, unanimity is required in all criminal cases." *Ngo v. State*, 175 S.W.3d 738, 745 (Tex. Crim. App. 2005); *see* TEX. CONST. art. V, § 13. This fact marshals strongly toward a finding of harm.

There was compelling evidence presented that Williams sexually assaulted Alana in both manners alleged in the indictment's two paragraphs.[15] Alana testified Williams penetrated both orifices.[16] In addition, she said a young friend, who was spending the night, saw part of the sexual encounters. That friend, Lisa, said she saw Williams and Alana having sex; Lisa corroborated the couple's posture, with Williams behind Alana, who faced away from him. The sexual assault nurse examiner who examined Alana confirmed that the child told her Williams penetrated both

---

[14]By failing to include either the word "or" or the word "and," the trial court failed to give the jurors instructions on how to properly apply the law. While the disjunctive "or" should have been used, the failure to separate the two paragraphs with any conjunction presented the jurors with what effectively were counts, i.e., two different offenses, rather than two ways to commit the single-indicted offense. Even so, the verdict form only permitted one finding of guilt.

[15]Alana also testified that Sam forced her to engage in vaginal sex.

[16] On one occasion, under cross-examination by Williams, Alana seemed to say that the events had not actually happened. Williams asked a series of questions about whether Alana commonly had boys over at 3:00 a.m. and whether they had come on this occasion at her invitation. Alana agreed her mother had not been angry with her. Williams asked, "Because those things didn't happen?" Alana answered, "Yes." Later and consistently, Alana re-affirmed her allegations. There was some evidence Alana had some mild form of learning or communication problem.

her vagina and her anus. Sandra testified that the next day, Alana told her of the assaults. She went on to relate that when Sandra, her boyfriend, and the boyfriend's sister confronted Williams about the allegations, Williams became irate, brandishing a pistol and accusing his accuser of fabricating the allegations. Sandra testified that she felt threatened by Williams' conduct. She also testified that she heard Williams tell his mother that he was on drugs at the time of the sexual assaults and did not know what he could have done. Sandra also testified that Sam apologized to her for having engaged in sex with Alana and further related that Williams had also had sexual relations with the girl. Williams threatened Sam if he said anything about the assaults. There was, in other words, significant evidence that Williams not only sexually assaulted Alana, but that he did so in both manners provided by Section 22.021(a)(1)(B)(i), and both paragraphs in the indictment and charge weigh in favor of finding harm.

Tellingly, the State commenced its closing argument by specifically informing the jury that it need not be unanimous as to the offense on which Williams' conviction was based. Pointing out the two application paragraphs in the charge, the State told the jury, "[W]hen you indict someone for aggravated sexual assault of a child, you can charge multiple ways that the defendant committed the same crime." That is a correct statement. However, the evidence showed that Williams had twice committed the same crime. As a result of this fact situation, when the State said, "[T]he jury does not have to be unanimous as to which paragraph they believe" and explained that some of the jurors could find that Williams engaged in vaginal penetration while others could believe that he committed anal penetration and that a guilty verdict derived from a combination of

14

those beliefs would still be appropriate, that was a misstatement of the law applicable to the instant case. This weighs toward a finding of harm.

Although Williams did not testify, it is apparent from his examination of the State's witnesses and the testimony of his own witnesses that the defensive strategy was to point to Sam as the sole perpetrator of the sexual assault in an effort to show that Williams was not guilty of the acts with which he was charged.

In *Cosio*, the court found that the error that was committed was harmless. The charges "permitted non-unanimous verdicts based on the evidence presented," and "[n]othing in the charges themselves militate[d] against this conclusion." However, in *Cosio*, unlike the case before us, neither the trial court nor either of the parties told the jury that they did not have to be unanimous on the specific instances of conduct upon which their verdicts were rendered. *Cosio*, 353 S.W.3d at 777. Here, the charge's error was compounded by the State's argument wherein it specifically told the jury it did not matter upon which penetration the various members of the jury based a guilty verdict. This is an important distinction from the facts in *Cosio*, and it weighs toward a finding of harm.

Finally, Cosio was charged with four different offenses. While there was evidence he committed some of these offenses more than once, the Texas Court of Criminal Appeals directed attention to (1) the lack of impeachment of the victim's testimony, (2) the fact that Cosio's defense was that he had not committed any of the alleged offenses, and (3) that "the practical circumstances surrounding the incidents of criminal conduct did not corroborate" the victim's testimony. *Id.* In order to convict, the jury must not have believed Cosio's defensive theory. This and the lack of

impeachment of the child victim supported a logical supposition "that the jury unanimously agreed that Cosio committed all of the separate instances of criminal conduct during each of the four incidents." *Id*. at 778.

In contrast, Williams was charged with a singular offense, and there was strong evidence to show that he had committed the offense twice, each time in a different manner. "The jury may have believed that it had to be unanimous about the offenses, not the criminal conduct constituting the offenses." *Id.* at 774. There is simply no way of knowing whether the jury was unanimous as to the manner or means of Williams' aggravated sexual assault of Alana, where there was strong evidence that he committed the same crime twice. This affected Williams' substantial right to a unanimous verdict. *See Landrian v. State*, 268 S.W.3d 532, 535 (Tex. Crim. App. 2008).

We find that the jury charge failed to guarantee Williams' right to a unanimous verdict. This is a substantial right. Although there was overwhelming evidence that Williams committed the offense alleged in the indictment, there was evidence he committed that crime twice. On the record before us, it is impossible to know which criminal act of penetration was the source of the jury's verdict, or if all twelve jurors agreed on one of the penetrations. That violated Williams' right to a fair and impartial trial. *See Ngo*, 175 S.W.3d at 752;[17] *see also Newton v. State*, 168 S.W.3d 255, 259–60 (Tex. App.—Austin 2005, pet. ref'd) (where charge allowed non-unanimous decision on sudden passion issue, egregious harm resulted).

---

[17]While the State may allege different manners or means of committing a charged offense, this "does not mean that the State can rely upon a laundry list of different criminal acts and let the individual jurors take their pick on which each believes the defendant committed." *Ngo*, 175 S.W.3d at 745.

We reverse the conviction and remand the matter to the trial court for a new trial.


Bailey C. Moseley
Justice

Date Submitted:     July 8, 2015
Date Decided:       September 3, 2015

Publish