ACCEPTED
06-15-00156-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
11/3/2015 10:40:02 AM
DEBBIE AUTREY
CLERK

NO. 06-15-00156-CR

IN THE COURT OF APPEALS

SIXTH APPELLATE DISTRICT OF TEXAS

AT TEXARKANA, TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
11/3/2015 10:40:02 AM
DEBBIE AUTREY
Clerk

NICHOLAS EDWARD AYERS,
Appellant

VS.

THE STATE OF TEXAS,
Appellee

Appealed from the 276th Judicial District Court
Marion County, Texas
Trial Court Cause No. F14284

**BRIEF OF APPELLANT**

Submitted by:

James P. Finstrom
Counsel for Appellant
P.O. Box 276
Jefferson, Texas 75657
903-665-7111
Fax: 903-665-7167
State Bar #07038000

APPELLANT DOES REQUEST ORAL ARGUMENT

# IDENTITY OF PARTIES AND COUNSEL
## Pursuant to T.R.A.P. 38.1(a)

Appellant:  Nicholas Edward Ayers
Institutional Division of Texas Department
of Criminal Justice
Joe F. Gurney Unit
1835 FM 3328
Tennessee Colony, Texas 75803

Counsel for Appellant at trial:

Hon. Rick Berry
111 West Austin Street
Marshall, Texas 75670

Counsel for Appellant on appeal:

Hon. James P. Finstrom
P.O. Box 276
Jefferson, Texas 75657

State's Counsel at trial and on appeal:

Hon. Angela Smoak, County Attorney
102 West Austin Street
Jefferson, Texas 75657

Trial Judge:

Hon. Robert Rolston, Judge,
276th Judicial District Court
Marion County, Texas

# TABLE OF CONTENTS
Pursuant to T.R.A.P. 38.1(b)

Page

IDENTITY OF PARTIES AND COUNSEL     2

TABLE OF CONTENTS     3

INDEX OF AUTHORITIES     5

STATEMENT OF THE CASE     6

ISSUES PRESENTED     6

ISSUE NO. 1:  THE STATE COMMITTED FUNDAMENTAL ERROR BY MAKING A PUNISHMENT ARGUMENT OUTSIDE THE EVIDENCE.

ISSUE NO. 2:  APPELLANT DID NOT RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL BECAUSE COUNSEL DID NOT OBJECT TO THE STATE'S PUNISHMENT ARGUMENT WHICH WAS LARGELY OUTSIDE THE EVIDENCE.

STATEMENT OF FACTS     7

ISSUE NO. ONE (Restated)     8

IS THE STATE'S PUNISHMENT ARGUMENT OUTSIDE THE EVIDENCE FUNDAMENTAL ERROR?

SUMMARY OF THE ARGUMENT     8

ARGUMENT     8

ISSUE NO. TWO (Restated)                                          10

DID APPELLANT RECEIVE EFFECTIVE ASSISTANCE OF
COUNSEL WHEN COUNSEL DID NOT OBJECT TO THE
ARGUMENT MADE THE BASIS OF ISSUE NO. ONE IN THIS
CASE?

SUMMARY OF THE ARGUMENT                                           10

ARGUMENT                                                         10

PRAYER                                                          11

CERTIFICATE OF SERVICE                                          12

CERTIFICATE OF COMPLIANCE                                       13

# INDEX OF AUTHORITIES
## Pursuant to T.R.A.P. 38.1(c)

Cases:                                                                Page

Johnson v. State, 233 S.W.3d 109
        (Tex.App. Houston 14th Dist. 2007, no hist.)        9

Peak v. State, 57 S.W.3d 14                                           8
        (Tex.App. Houston 14th Dist. 2001)

Vaughn v. State 888 S.W.2d 62
        (Tex.App. -- Houston 1st Dist. 1994, p.d.r. granted
        and affirmed, 931 S.W.2d 564 (Tex.Crim.App.
        1996)                                              11

Washington v. State. 16 S.W.3d 70                                     8
        (Tex.App. Houston 1st Dist. 2000, p.d.r. ref'd.)

Williams v. State, _____ S.W.3d____,                                  11
        2015 WL 5158449 (2015)

Wilson v. State, 938 S.W.2d 57 (Tex.Crim.App. 2002)                  8, 9

Statutes:

Article 62.051(a), Code of Criminal Procedure                        12

Other Materials:

Tex. Jur 3d, Criminal Procedure: Trial, Sec. 480                      8

        All references to Texas statutes, rules, etc. are to the latest edition published by West Publishing Company, unless otherwise noted.

STATEMENT OF THE CASE
Pursuant to T.R.A.P. 38.1(d)

Appellant was tried in a bench trial on two cases of indecency with a child, being the instant case and Appellate Case Number 06-15-00157-CR, on his plea of guilty to the indictment in each case. Appellant's pleas of guilty in each case were entered on August 5, 2015. (2 RR 1-33) Evidence on the pleas was heard on August 27, 2015. (3 RR 1-58) The court found Appellant guilty on each case and assessed an eighteen (18) year sentence in the Institutional Division of the Texas Department of Criminal Justice on each case on August 27, 2015 to run concurrently. (3 RR 65-66) Appellant gave timely notice of appeal September 23, 2015. (CR 98) Counsel was appointed to represent Appellant on appeal on September 21, 2015. (RR 97)

**ISSUES PRESENTED**
Pursuant to T.R.A.P. 38.1(e)

ISSUE NO 1: IS THE STATE'S PUNISHMENT ARGUMENT OUTSIDE THE EVIDENCE FUNDAMENTAL ERROR REQUIRING REVERSAL OF APPELLANT'S CONVICTION?

ISSUE NO. 2: DID APPELLANT RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL DID NOT OBJECT TO THE ARGUMENT MADE THE BASIS OF ISSUE NO. 1 IN THIS CASE.

## STATEMENT OF FACTS
### Pursuant to T.R.A.P. 38.1(f)

The State called seven witnesses and Appellant did not testify but called one witness.

Martha Dyles and Kimberly Lara testified to the predicate for the admission into evidence of a DVD in each of the two cases of the Child Advocacy Center interview of the child named in each indictment. (3 RR 8-13)

Lauren Whitehead, who was employed with the jail at the Marion County Sheriff's Department, testified that Appellant had possession of contraband in his cell block during his confinement in jail consisting of peach hooch which smelled like alcohol, a Tramadol pill, paper clips which had been made into needles, and ear phones with a yellow substance in them. (3 RR 14-16)

Vera Humphrey, Trelena Ives, Christi McWilliams, and Taylor Quinn McWilliams testified to the circumstances surrounding the outcry by the child victim in each of the two cases. (3 RR 18-34)

Appellant called his step-father, Virgil T. Allen, who testified as a character witness for him.

ISSUE NO. ONE (Restated)

IS THE STATE'S PUNISHMENT ARGUMENT OUTSIDE THE
EVIDENCE FUNDAMENTAL ERROR REQUIRING REVERSAL OF
APPELLANT'S CONVICTION?

SUMMARY OF THE ARGUMENT
Pursuant to T.R.A.P. 38.1(g)

Counsel for the State made a very strong punishment conduct

about matters outside the evidence and record in this cause which

should not be deemed harmless error and requires reversal of

Appellant's conviction.

ARGUMENT
Pursuant to T.R.A.P. 38.1(h)
Issue No. 1

Proper jury argument is delineated into four categories: (1)

summation of the evidence; (2) reasonable deductions from the

evidence; (3) responsive arguments; and (4) pleas for law

enforcement.  Tex. Jur 3d, Criminal Procedure: Trial Sec. 480.

Appellate courts should not hesitate to reverse when it appears that

the State has departed from one of these areas in argument and has

engaged in conduct calculated to deny the accused a fair and

impartial trial.  Wilson v. State, 938 S.W.2d 57 (Tex.Crim.App. 2002);

Washington v. State. 16 S.W.3d 70 (Tex.App. Houston 1st Dist. 2000,

p.d.r. ref'd.); Peak v. State, 57 S.W.3d 14 (Tex.App. Houston 14th

8

Dist. 2001). The test to consider whether improper argument constitutes reversible error is whether the argument violates a statute; injects new and harmful facts into the case; or is extreme or manifestly improper, harmful, and prejudicial to the rights of the accused. Wilson v. State, supra. The applicable standard of review is whether, in light of the record as a whole, there is a reasonable possibility that the improper argument was so prejudicial as to deprive the defendant of a fair and impartial trial. Johnson v. State, 233 S.W.3d 109 (Tex.App. Houston 14th Dist. 2007, no hist.)

The State's argument in this case was almost entirely totally outside the record and based on a letter Appellant had written to the Court which was not offered or admitted into evidence in this cause. No objection was made to the argument, but it should be considered as fundamental error because of the nature of the argument, referring to Appellant as a person "who has an addiction to pornography" (3 CR 59), and that "he never says he's sorry" (3 CR 61), and "he tells the Court that he didn't see a reaction from the children, so it must be okay" (3 CR 60), and that "he even mentions my very own mother in this letter to the Court." (3 CR 60). The harm can been seen in the length of the sentence given Appellant by the Court. Appellant's

9

conviction should be reversed because the argument appears to have been asking for serious punishment for matters outside the record. The letter is in the clerk's record at CR36, because it was filed by the Clerk although it was not admitted as evidence in the case. The argument is a very strong argument and should not be considered harmless error.

## ISSUE NO. TWO
### (Restated)

DID APPELLANT RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL DID NOT OBJECT TO THE ARGUMENT MADE THE BASIS OF ISSUE NO. ONE IN THIS CASE.

## SUMMARY OF THE ARGUMENT
### Pursuant to T.R.A.P. 38.1(g)
### Issue No. 2

Appellant's trial counsel did not object to the argument outside the evidence made the basis for the argument in Issue No. 1 and Appellant did not receive effective assistance of counsel.

## ARGUMENT

Appellant's counsel at trial did not object to the State's argument made the basis of Issue No. 1 above. Appellant can conceive of no trial strategy in this case that would justify trial counsel's failure to object to the argument.

This Court recently dealt with the issue of fundamental or egregious error in a criminal trial and the failure of counsel to object to the error in Williams v. State, _____ S.W.3d____, 2015 WL 5158449 (2015). In Williams, this Court held that an appellate court will not reverse based on an unpreserved claim of charge error unless the defendant suffered harm so egregious that he was denied a fair and impartial trial because the error affected the very basis of the case or deprived the defendant of a valuable right or vitally affect a defensive theory. While the factual background of charge error may differ from argument error, Appellant urges that the error presented in his case affect the very basis of the punishment given him by the trial court. Where trial counsel fails to object to the State's argument, Appellant urges that it is clear that the trial court would have committed error in refusing to sustain an objection to the argument that is clearly outside the record and prejudicial to Appellant. See Vaughn v. State 888 S.W.2d 62 (Tex.App. -- Houston 1st Dist. 1994, p.d.r. granted and affirmed, 931 S.W.2d 564 (1996)

PRAYER

Upon the issues presented, Appellant, Nicholas Edward Ayers prays that this Court reverse the judgment of the trial court and

11

remand the case to the trial court for a new punishment hearing, and for such other and further relief to which he may be entitled.

Respectfully submitted,

/s/James P. Finstrom
James P. Finstrom
Counsel for Appellant
202 S. Marshall,
P.O. Box 276
Jefferson, Texas 75657
903-665-7111
Fax: 903-665-7167
Texas Bar #07038000

## CERTIFICATE OF SERVICE

I certify that I have delivered a true copy of this brief to Hon. Angela Smoak, counsel for the State, and to Appellant by United States mail, first class postage prepaid, at the Joe F. Gurney Unit, 1385 FM 3328, Tennessee Colony, Texas 75803, on this 3rd day of November, 2015.

/s/James P. Finstrom
James P. Finstrom

# CERTIFICATE OF COMPLIANCE

I certify that Appellant's Brief filed electronically on this 3rd day of November, 2015 complies with Tex. R. App. P. 9.4(i)(2)(B). This Brief contains 1,731 words.

<u>/s/ James P. Finstrom</u>
James P. Finstrom