

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-15-00100-CR

BRADLEY ALLIE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th District Court
Bowie County, Texas
Trial Court No. 15F0232-005

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

During the jury trial resulting in the conviction of Bradley Allie of four counts of indecency with a child by sexual contact, the complainant, Angel Lynn (a pseudonym), testified that one of the charged criminal acts, a breast touching, occurred in a van. The testimony regarding that incident was set out in thirty-eight lines of transcript and included details such as Allie's being the driver, Angel's being beside and facing him, others being in the van, Allie's touching her breast by squeezing it from outside her clothing, and the contact not being seen by the other van passengers. Immediately after Angel detailed the van-based breast-touching incident, the State elicited general testimony, set out in only nine lines of transcript, that Allie touched Angel's breast on two or three other occasions in the garage when other people were not looking. That evidence of additional breast touchings provides the subject matter for two of Allie's three points of error on appeal.

We affirm the trial court's judgment because (1) the lack of a unanimity instruction to the jury was not egregiously harmful, (2) Allie's trial counsel was not demonstrably ineffective for failing to object to the lack of a unanimity instruction, and (3) a complaint that Allie's punishment was cruel and unusual was not preserved.

*(1)* *The Lack of a Unanimity Instruction to the Jury Was Not Egregiously Harmful*

Allie claims egregious harm from the trial court's failure to sua sponte instruct the jury that, to convict Allie on Count One,[1] all jurors had to unanimously agree on which breast-touching

---

[1]All four counts alleged that Allie engaged in sexual contact with Angel between August 1, 2013, and April 21, 2014, when she was less than seventeen years of age. Count One alleged that the sexual contact involved touching Angel's

incident Allie committed, the one in the van or one of the ones in the garage. The State argues that, since the evidence of other breast-touching incidents was much more general than the van-based incident, there was no need for a unanimity instruction and, in the alternative, that the harm from any such error was non-egregious. While we conclude that a unanimity instruction was required, any harm that flowed from the lack of such an instruction was not egregious.

Angel's testimony concerning the breast touching in the van went into some detail setting the scene. She described a time she, Allie, and others were in the van on a mission to pick up a girl named Kaitlin at Kaitlin's house. The touching happened at a time the van was stopped and the others in the van could not see what Allie was doing because their view was blocked by Angel's elbow or arm. Allie was in the driver's seat and Angel was right beside him, facing him. Allie "grabbed" Angel's breast briefly and squeezed it from outside her clothing. After getting this detail, in an exchange consuming approximately three pages of transcript, the State asked if there had been other incidents of Allie touching Angel's breasts. Her brief response, included on just a few lines of transcript, was that there were two or three other instances in which Allie touched her breasts in the garage when nobody was looking.

There are a few recognized situations in which a trial court must instruct the jury that it must be unanimous as to a single act constituting the offense. One of those is what we have here, a situation in which the State charges an offense, here Count One, and "presents evidence that the defendant committed the charged offense on multiple but separate occasions." *Cosio v. State*, 353

---

breast from outside her clothing, while Counts Two, Three, and Four alleged that the sexual contact was touching Angel's genitals from outside her clothing.

3

S.W.3d 766, 772 (Tex. Crim. App. 2011) (citations omitted).  While the State may have intended the garage touchings to have been in the nature of extraneous offenses,[2] which would have been offered only to show Allie's intent when he squeezed Angel's breast in the van, the record does not so characterize the garage touchings.  One or more jurors could have disbelieved the van incident, because other people were present, for example, and voted to convict Allie on count one based only on one of the garage incidents, thus violating the unanimity requirement.  We conclude that a unanimity instruction was required.  *Id.*

Since there was error in instructing the jury, we must now review for harm.  Because Allie failed to object to the jury charge or to seek a unanimity instruction, we will reverse on that basis only if he suffered harm so egregious that he was denied a fair and impartial trial.  *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g); *Williams v. State*, 474 S.W.3d 850, 857–60 (Tex. App.—Texarkana 2015, no pet.).  Egregious harm comes from charge error that affected the "the very basis of the case," deprived the defendant of a "valuable right," or "vitally affect[ed] a defensive theory."  *Almanza*, 686 S.W.2d at 172.  In assessing harm, we consider the charge, the evidence, the arguments of counsel, and any other relevant information in the record.  *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996).

As in our *Williams* opinion, the only unanimity language in the charge was general and the jury had factual options on which physical act it could convict on.  *See Williams*, 474 S.W.3d at 857–58.  "Under our state constitution, jury unanimity is required in felony cases, and, under our

---

[2]The State did offer, in its closing argument, that Angel described Allie's touching her three times between the legs and once on the breasts. That would be consistent with an intent that the van touching was the one breast-touching incident it was prosecuting.

4

state statutes, unanimity is required in all criminal cases." *Ngo v. State*, 175 S.W.3d 738, 745 (Tex. Crim. App. 2005). This would support a finding of harm.

The evidence of the van incident was significantly more detailed and forceful than that of the garage incidents, which were presented in a conclusory manner and seemingly as an afterthought. The evidence and its manner of presentation weigh against a finding of harm.

The State's opening argument does not detail the incidents. Its closing argument claims only one breast-touching incident, consistent with its trial focus on the van incident and its treatment of the garage incidents as mere afterthoughts, rather than additional instances of breast touching for which it was asking the jury to convict Allie. This weighs against a finding of harm.

Allie's defensive strategy was not to claim he was innocent in his behavior, but to argue that there was doubt he actually did the specific acts with which he was charged. This does not suggest to us a finding of harm regarding jury unanimity.

Here, neither the court nor either party suggested or argued to the jury that it need not be unanimous on which instances of conduct were found to support its verdict. This weighs against a finding of harm.

Finally, while Allie was charged with four different offenses, the unanimity issue relates to only Count One. While there was evidence that he touched Angel's breasts more than once, the context clearly focused on one instance, the one in the van, rather than the others. Based on this, and the lack of impeachment of Angel, it is logical that the jury was unanimous that Allie touched Angel's breasts on each occasion. This, too, militates against a finding of harm.

5

Egregious harm must be found from actual, rather than theoretical, harm that affected "the very basis of the case," "deprive[d] the defendant of a valuable right," or "vitally affect[ed] a defensive theory." *Almanza*, 686 S.W.2d at 171. While one might theorize possible harm, we see no actual harm fitting the *Almanza* standard. We overrule this contention of error.

*(2)*    *Allie's Trial Counsel Was Not Demonstrably Ineffective for Failing to Object to the Lack of a Unanimity Instruction*

A claim that trial counsel was ineffective will be sustained only if counsel's assistance fell below an objective standard of reasonableness and it is reasonably probable that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 690 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). We find such a reasonable probability if counsel's deficiencies undermine our confidence in the outcome. *Thompson*, 9 S.W.3d at 812.

Generally, the trial record will not suffice to establish a claim that trial counsel was ineffective. *Id*. at 813–14. "[T]rial counsel should ordinarily be afforded an opportunity to explain his [or her] actions before being denounced as ineffective." *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). "[W]hen no reasonable trial strategy could justify the trial counsel's conduct, counsel's performance falls below an objective standard of reasonableness as a matter of law, regardless of whether the record adequately reflects the trial counsel's subjective reasons for acting as [he] did." *Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005).

Because this record—with no post-trial evidentiary hearing on this subject—contains no evidence of counsel's reasons for not objecting to the jury charge or not specifically requesting a unanimity instruction, we are to assume reasons for counsel's behavior if they can be reasonably

imagined and will not find deficient performance unless no competent attorney would have done as this trial counsel did. *See Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001); *Moran v. State*, 350 S.W.3d 240, 243 (Tex. App.—San Antonio 2011, no pet.).

In evaluating an ineffective-assistance claim, we look to the whole representation by counsel and the circumstances he or she was faced with. *Thompson*, 9 S.W.3d at 813. We indulge a "strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Id*.

On this record, with the much greater emphasis on, and vastly different treatment of, the van incident as compared to the garage incidents, we are not convinced that the outcome of the case would have been different had there been a unanimity instruction. *See Perez v. State*, 310 S.W.3d 890, 892–93 (Tex. Crim. App. 2010). Allie has not shown that his trial counsel's failure to object to the charge or to request a specific unanimity instruction was harmful to the outcome of the case. *See id*.

We overrule this point of error.

*(3)      A Complaint that Allie's Punishment Was Cruel and Unusual Was Not Preserved*

Appellant argues that his four, twenty-year, consecutive sentences amount to cruel and unusual punishment in violation of the United States and Texas Constitutions. However, appellant made no timely objection or motion for new trial on that subject to the trial court and has, therefore, failed to preserve any error. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (unpreserved under Texas Constitution); *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (unpreserved under United States Constitution); *see also* TEX. R. APP. P. 33.1; *Mays v. State*,

285 S.W.3d 884, 889 (Tex. Crim. App. 2009) ("Preservation of error is a systemic requirement that a first-level appellate court should ordinarily review on its own motion[;] . . . it [is] incumbent on the [c]ourt itself to take up error preservation as a threshold issue.").

Even if error had been preserved, there is no showing that Allie's sentences are cruel and unusual. Imposing consecutive sentences that are within the statutory range of punishment does not produce grossly disproportionate punishment, and no evidence in this record compares this result to others in this jurisdiction for this situation, or those imposed on defendants in other jurisdictions who committed a series of similar offenses. *Williamson v. State*, 175 S.W.3d 522, 525 (Tex. App.—Texarkana 2005, no pet.). We overrule this point of error.

We affirm the judgment of the trial court.

Josh R. Morriss, III
Chief Justice

Date Submitted:    April 11, 2016
Date Decided:      April 14, 2016

Do Not Publish